TOWN OF KILLINGLY ET AL. *v.* CONNECTICUT SITING COUNCIL ET AL.
(14324)
(14325)
(14326)
(14327)

PETERS, C. J., SHEA, GLASS, COVELLO and BERDON, Js.

Argued October 1—decision released December 10, 1991

*W. Richard Smith, Jr.,* with whom was *Christopher J. Liebig,* for the appellants in Docket No. 14325 (named plaintiff et al.).

*Charles J. Nicol,* with whom, on the brief, were *Cynthia J. Rummell* and *Kathleen Eldergill,* for the appellants in Docket Nos. 14324, 14326 and 14327 (plaintiff Providence Water Supply Board et al.).

*Lawrence J. Golden,* with whom was *Phyllis E. Lemell,* assistant attorney general, for the appellees (defendants).

GLASS, J. The named plaintiff, the town of Killingly, Killingly Planning and Zoning Commission and Killingly Inland Wetlands and Watercourses Commission, and the plaintiffs Providence Water Supply Board, National Patent Medical and Northeastern Connecticut Council of Governments have appealed from the judgment of the trial court granting a motion filed by the defendant Killingly Energy Limited Partnership (KELP) to dismiss the plaintiffs' appeal of the decision of the named defendant, Connecticut Siting Coun-

cil (siting council) granting KELP's application for a certificate of environmental compatibility and public need. We reverse.

The facts material to the disposition of this appeal are undisputed. Pursuant to Chapter 277a of the Connecticut General Statutes, KELP filed an application with the siting council on May 6, 1988, for a certificate of environmental compatibility and public need for the purpose of constructing a wood burning electric generating facility in the town of Killingly. The siting council issued the certificate to KELP, together with findings of fact, an opinion, and a decision and order on May 8, 1989. These documents were mailed to all parties of record on May 10, 1989. On June 5, 1989, the town of Killingly filed a request for a rehearing with the siting council.[1] On June 6, 1989, a joint appeal to the Superior Court was filed by all of the plaintiffs, including the town of Killingly. On July 6, 1989, the siting council denied the town's request for a rehearing and mailed notice of its decision to all parties of record on July 10, 1989. The plaintiffs filed a joint amended appeal on August 8, 1989. On September 8, 1989, KELP filed a motion to dismiss the appeal, alleging that: (1) the plaintiffs' appeal was not from a "final decision" of the agency; (2) the plaintiffs were not aggrieved by a final decision of the agency at the time the appeal was filed; and (3) the appeal was not served on all parties of record nor filed in Superior Court within the required time limits. By a memorandum of decision and judgment issued October 26, 1990, the trial

---

[1] The town requested a rehearing on the status of condition (m) of the certificate issued to KELP by the siting council in light of a letter from the commissioner of the department of environmental protection (DEP). Condition (m) concerned the cooling system to be used by the proposed facility and required that the system not substantially affect the Quinebaug River and the site aquifer. The town requested that, upon rehearing, the siting council admit additional evidence, including the letter from the DEP commissioner.

court granted KELP's motion. The plaintiffs appealed to the Appellate Court and we transferred the appeal to this court pursuant to Practice Book § 4023.

The dispositive issue is whether the trial court properly determined that it lacked subject matter jurisdiction over the plaintiffs' appeal because the plaintiffs failed to appeal from a final decision of the siting council.[2] We conclude that the trial court improperly granted KELP's motion to dismiss the plaintiffs' appeal, and, accordingly, we reverse the judgment of the trial court.

The plaintiffs contend that the trial court improperly concluded that the town's request for a rehearing on a limited issue suspended the finality of the May 8, 1989 decision of the siting council. KELP claims that the trial court correctly dismissed the plaintiffs' appeal as premature due to the pendency of the rehearing request at the time the appeal was filed. We agree with the plaintiffs.

In granting KELP's motion to dismiss, the trial court reasoned that the town's request for a rehearing rendered the siting council's decision "nonfinal" and, thus, not appealable. Appeals from decisions of the siting council are governed by General Statutes § 16-50q,

---

[2] The parties have raised numerous issues in their briefs. We address only the first ground upon which the trial court based its decision to dismiss for lack of subject matter jurisdiction: that the plaintiffs failed to appeal from a final decision of the siting council. The trial court also found that: (1) the plaintiffs were not aggrieved by the decision of the siting council; and (2) the appeal was not filed or served within the time periods required by the Uniform Administrative Procedure Act, General Statutes §§ 4-166 through 4-189. The first finding responds to KELP's allegation that the plaintiffs were not aggrieved by a *final* decision of the agency at the time the appeal was filed. The second finding follows from the court's conclusion that the May 8, 1989 decision of the siting council was nonfinal. Because we conclude that the plaintiffs appealed from a final decision, we find it unnecessary to address the second and third grounds of the trial court's decision.

which provides in relevant part that "[a]ny party may obtain judicial review of an order issued on an application for a certificate or an amendment of a certificate in accordance with the provisions of [General Statutes] section 4-183." General Statutes (Rev. to 1987) § 4-183, part of the Uniform Administrative Procedure Act (UAPA), provides in pertinent part: "(a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review by way of appeal under this chapter . . . (b) Proceedings for such appeal shall be instituted by filing a petition in superior court . . . within forty-five days after the mailing of the notice of the final decision of the agency or, if a rehearing is requested, within forty-five days after mailing of the notice of the decision thereon. . . ."[3] Sections 16-50q and 4-183 thus make a "final decision" of an administrative agency a prerequisite to appellate review.

"The considerations underlying the requirement of finality of an agency decision as a prerequisite to judicial review are akin to those involved in the ripeness doctrine as applied to administrative rulings. '[I]ts basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.' *Abbott Laboratories* v. *Gardner*,

---

[3] The legislative history of General Statutes § 4-183 prior to 1988 does not clarify when an agency decision is "final" for purposes of judicial review when a request for reconsideration has been filed. Amendments made to the UAPA by No. 88-317 of the 1988 Public Acts excluded from the definition of "final decision" the denial by an administrative agency of a petition for reconsideration. General Statutes § 4-166. The UAPA, as amended, affects proceedings commenced on or after July 1, 1989, and thus does not apply to the present appeal. See General Statutes § 4-185 (a).

387 U.S. 136, 148-49, 87 S. Ct. 1507, 18 L. Ed. 2d 681 (1967). 'The cases dealing with judicial review of administrative actions have interpreted the "finality" element in a pragmatic way.' Id., 149. '[T]he relevant considerations in determining finality are whether the process of administrative decisionmaking has reached a stage where judicial review will not disrupt the orderly process of adjudication and whether rights or obligations have been determined or legal consequences will flow from the agency action.' *Port of Boston Marine Terminal Assn.* v. *Rederiaktiebolaget Transatlantic,* 400 U.S. 62, 71, 91 S. Ct. 203, 27 L. Ed. 2d 203 (1970)." *New Haven* v. *New Haven Police Union Local 530,* 210 Conn. 597, 604, 557 A.2d 506 (1989).

In applying these considerations to the present case, we conclude that the rights of the parties were determined by the May 8, 1989 order of the siting council granting KELP the certificate of environmental compatibility and public need. Once the certificate was issued, KELP could proceed with construction of the proposed facility in conformity with the terms, limitations and conditions contained in the certificate. General Statutes § 16-50k (a).[4] The rehearing requested by the town of Killingly sought to clarify a portion of the May 8 decision, and would not, if granted, have redetermined the rights of the parties. See footnote 1, supra. Finally, the denial of the rehearing request by the siting council on July 6, 1989, ensured that judicial review of the initial decision would not disrupt the orderly process of administrative decisionmaking.

We have held that " '[a]ppeals to courts from administrative agencies exist only under statutory authority. *Charles Holdings, Ltd.* v. *Planning & Zoning Board*

---

[4] The filing of an appeal would not have enjoined KELP from commencing construction of the facility pursuant to the terms of the certificate. See General Statutes (Rev. to 1987) § 4-183 (c) ("The filing of the petition does not of itself stay enforcement of the agency decision. . . .").

*of Appeals,* 208 Conn. 476, 479, 544 A.2d 633 (1988); *Tazza* v. *Planning & Zoning Commission,* 164 Conn. 187, 190, 319 A.2d 393 (1972) . . . .' " *Citizens Against Pollution Northwest, Inc.* v. *Connecticut Siting Council,* 217 Conn. 143, 152, 584 A.2d 1183 (1991). We have further stated that the failure to comply strictly with the statutory provisions by which a statutory right to appeal is created will subject an appeal to dismissal. Id., 152–53. Nevertheless, "[w]here a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged." *Demar* v. *Open Space & Conservation Commission,* 211 Conn. 416, 425, 559 A.2d 1103 (1989); see *LeConche* v. *Elligers,* 215 Conn. 701, 709–10, 579 A.2d 1 (1990). A trial court should make every effort to adjudicate the substantive controversy before it, and, where practicable, should decide a procedural issue so as not to preclude hearing the merits of an appeal.

Recently, we reviewed a challenge to subject matter jurisdiction based on the claim of a premature appeal from a decision of an administrative agency. *Miko* v. *Commission on Human Rights & Opportunities,* 220 Conn. 192, 596 A.2d 396 (1991). In *Miko,* a hearing officer for the commission on human rights and opportunities (CHRO) rendered a decision against the defendant property owner, William S. Miko. Miko filed a timely appeal in the Superior Court pursuant to § 4-183 (b). The CHRO subsequently filed a timely petition for a rehearing, seeking to have interest added to the complainant's award. The CHRO then moved to dismiss Miko's appeal, asserting that the trial court lacked subject matter jurisdiction because the rehearing request had suspended the finality of the agency decision. The CHRO hearing officer denied the CHRO's request for interest on the damages. Thereafter, the trial court denied the CHRO's motion to dismiss. We

upheld the trial court's rejection of the challenge to its subject matter jurisdiction, stating: "Where one party complies with the requirements of § 4-183 (b) by filing a timely appeal, judicial economy and fairness dictate allowing that appeal to remain within the court's jurisdiction." Id., 199.

In the present case, the plaintiffs' appeal to the Superior Court was filed within forty-five days after the mailing of the siting council's decision to grant the certificate to KELP. The appeal was thus filed within the statutory period prescribed by § 4-183 (b). As we stated in *Miko* v. *Commission on Human Rights & Opportunities,* supra, judicial economy and fairness favor allowing the trial court to retain jurisdiction of a timely appeal. We conclude that, where a motion to dismiss is filed *after* a request for rehearing has been denied, as in the present case, the denial of jurisdiction contravenes judicial economy and fairness.

On September 8, 1989, when KELP filed its motion to dismiss the plaintiffs' appeal, there was no action between the parties pending before the siting council. One plaintiff, the town of Killingly, was awaiting a ruling on a petition for a rehearing at the time the joint appeal was filed on June 6, 1989. More than two months before the motion to dismiss was filed, however, the siting council had denied the town's request for a rehearing.[5] A central purpose of the UAPA is to prevent piecemeal appeals. See *Miko* v. *Commission on Human Rights & Opportunities,* supra. In the present case, there was no risk of a piecemeal appeal when

[5] The plaintiffs Providence Water Supply Board, National Patent Medical and Northeastern Connecticut Council of Governments, claim that the siting council lacked the statutory authority to act on the petition for a rehearing and that the council's failure to adopt regulations for rehearing procedures made its denial of the petition void. Because we conclude that the May 8, 1989 decision of the siting council was "final," we decline to address these alternative claims.

KELP filed the motion to dismiss because the siting council had already denied the town's request for a rehearing. To affirm the trial court's dismissal of the plaintiffs' appeal in the circumstances of this case would thus elevate form over substance.

KELP recommends that we adopt the federal rule regarding finality of administrative decisions when a rehearing or reconsideration is requested. See *Interstate Commerce Commission* v. *Brotherhood of Locomotive Engineers*, 482 U.S. 270, 284–85, 107 S. Ct. 2360, 96 L. Ed. 2d 222 (1987); see also, e.g., *TeleSTAR, Inc.* v. *Federal Communications Commission*, 888 F.2d 132, 134 (D.C. Cir. 1989); *Chu* v. *Immigration & Naturalization Service*, 875 F.2d 777, 780–81 (9th Cir. 1989).[6] KELP relies primarily on *Interstate Commerce Com-*

---

[6] Until recently, the federal circuit courts of appeal were divided on the issue of whether a request for administrative reconsideration made an agency decision nonfinal for the purposes of judicial review. Several circuits, in construing the statutory provision governing the time period for appeals under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16 (c), held that a reconsideration request does not deprive the initial agency decision of finality. See, e.g., *Martinez* v. *Orr*, 738 F.2d 1107, 1109 (10th Cir. 1984); *Mahroom* v. *Defense Language Institute*, 732 F.2d 1439, 1440 (9th Cir. 1984); *Birch* v. *Lehman*, 677 F.2d 1006, 1008 (4th Cir. 1982), cert. denied, 459 U.S. 1103, 103 S. Ct. 725, 74 L. Ed. 2d 951 (1983); *Hofer* v. *Campbell*, 581 F.2d 975, 977–78 (D.C. Cir. 1978), cert. denied, 440 U.S. 909, 99 S. Ct. 1218, 59 L. Ed. 2d 457 (1979). In so holding, the courts reasoned that, where the statutory provision did not limit the time in which a request to reopen or reconsider an administrative decision could be filed, to hold otherwise could extend the appeal period indefinitely. *Mahroom* v. *Defense Language Institute*, supra; *Birch* v. *Lehman*, supra. The Sixth and District of Columbia Circuits rejected the Fourth and Ninth Circuit decisions as overly broad, however, holding that a motion to reconsider filed within the statutory thirty day period for appeals under the statute would render the initial agency decision nonfinal, and extend the deadline for filing an appeal until thirty days following action on the reconsideration request. *Donaldson* v. *Tennessee Valley Authority*, 759 F.2d 535, 538 (6th Cir. 1985); *Nordell* v. *Heckler*, 749 F.2d 47, 48–50 (D.C. Cir. 1984) (modifies *Hofer* v. *Campbell*, supra). Since the decision in *Interstate Commerce Commission* v. *Brotherhood of Locomotive Engineers*, 482 U.S. 270, 107 S. Ct. 2360, 96 L. Ed. 2d 222 (1987), the courts of appeal have achieved a degree of uniformity in holding that the filing of a request for reconsideration renders

*mission* v. *Brotherhood of Locomotive Engineers,* supra, 275–76, in which the respondent union appealed the denial of a request for clarification of an agency order *after* the agency had ruled on the union's petition for reconsideration. The majority found the appeal timely, reasoning that the pending reconsideration had stayed the appeal period and had rendered the original order "nonfinal" until the decision on the reconsideration was issued.[7] Id., 284–85.

We have upheld subject matter jurisdiction of administrative agency decisions on similar facts, where to decide otherwise would unjustly deter parties from exhausting the available avenues of administrative review. See *Haylett* v. *Commission on Human Rights & Opportunities,* 207 Conn. 547, 554, 541 A.2d 494

the underlying administrative decision nonfinal. See, e.g., *TeleSTAR, Inc.* v. *Federal Communications Commission,* 888 F.2d 132, 134 (D.C. Cir. 1989); *Virgin Islands Conservation Society* v. *Board of Land Use Appeals,* 881 F.2d 28, 36 (3d Cir. 1989); *Chu* v. *Immigration & Naturalization Service,* 875 F.2d 777, 780–81 (9th Cir. 1989); *Reppy* v. *Department of the Interior,* 874 F.2d 728, 729–30 (10th Cir. 1989); *United Transportation Union* v. *Interstate Commerce Commission,* 871 F.2d 1114, 1116–18 (D.C. Cir. 1989); *West Penn Power Co.* v. *Environmental Protection Agency,* 860 F.2d 581, 587 (3d Cir. 1988); *Winter* v. *Interstate Commerce Commission,* 851 F.2d 1056, 1062 (8th Cir.), cert. denied, 488 U.S. 925, 109 S. Ct. 308, 102 L. Ed. 2d 327 (1988).

[7] In reaching this conclusion, the United States Supreme Court construed § 704 of the federal Administrative Procedure Act, 5 U.S.C. § 551 et seq., to relieve parties of the requirement of petitioning for rehearing before seeking judicial review but not to prevent petitions for reconsideration from rendering the orders under reconsideration nonfinal. *Interstate Commerce Commission* v. *Brotherhood of Locomotive Engineers,* 482 U.S. 270, 284–85, 107 S. Ct. 2360, 96 L. Ed. 2d 222 (1987). Title 5 of the United States Code, § 704 provides in relevant part: "Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section [entitled 'Actions Reviewable'] whether or not there has been presented or determined an application for . . . any form of reconsideration, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority." See *Interstate Commerce Commission* v. *Brotherhood of Locomotive Engineers,* supra, 284.

(1988); see also *Ierardi* v. *Commission on Human Rights & Opportunities,* 15 Conn. App. 569, 574–77, 546 A.2d 870 (1988), cert. denied, 209 Conn. 813, 550 A.2d 1082 (1990); *Connecticut Natural Gas Corporation* v. *Department of Public Utility Control,* 1 Conn. App. 1, 3, 467 A.2d 679 (1983). We decline, however, to adopt a rigid application of the rule which would result in denying jurisdiction on the facts of the present case. See, e.g., *TeleSTAR, Inc.* v. *Federal Communications Commission,* supra, 134.[8] We agree with the principle, enunciated in the federal cases, that judicial energy is not well spent processing appeals where a request for administrative reconsideration is *pending.* See id.; see also *West Penn Power Co.* v. *Environmental Protection Agency,* 860 F.2d 581, 586–87 (3d Cir. 1988). Where an agency has denied a reconsideration request prior to the filing of a motion to dismiss the appeal, however, the request is no longer *pending* and judicial resources are not wasted in hearing the appeal. In so deciding,

[8] In *TeleSTAR, Inc.* v. *Federal Communications Commission,* 888 F.2d 132, 133 (D.C. Cir. 1989), TeleSTAR applied to the Federal Communications Commission (FCC) for revocation of a license issued to MCI Telecommunications Corporation (MCI). Upon denial of the application, TeleSTAR filed a petition for reconsideration with the FCC. While the reconsideration request was pending, TeleSTAR petitioned for review to the court of appeals. The FCC denied TeleSTAR's request for reconsideration. MCI then moved to dismiss TeleSTAR's petition for review as premature. The District of Columbia Circuit Court of Appeals adopted the following "bright line test": "While final agency action can ripen an issue for appellate review . . . the filing of a challenge to agency action before the agency has issued its decision on reconsideration is incurably premature. We hold therefore that when a petition for review is filed before the challenged action is final and thus ripe for review, subsequent action by the agency on a motion for reconsideration does not ripen the petition for review or secure appellate jurisdiction. To cure the defect, the challenging party must file a new notice of appeal or petition for review from the now final agency order." Id., 134. The court reasoned that "[i]f a party determines to seek reconsideration of an agency ruling, it is a pointless waste of judicial energy for the court to process any petition for review before the agency has acted on the request for reconsideration." Id.

we adhere to the established principle that "every presumption is to be indulged in favor of [subject matter] jurisdiction." *LeConche* v. *Elligers,* supra, 710.

We conclude that the denial by the siting council of the town's request for rehearing negated KELP's claim, filed over two months later, that the plaintiffs' appeal was premature. We hold, therefore, on the facts of this case, that the decision of the siting council granting KELP a certificate of environmental compatibility and public need was a final decision within the meaning of General Statutes § 4-183, and that the trial court had jurisdiction over the plaintiffs' appeal therefrom.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other justices concurred.