[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DEFENDANTS' MOTION TO DISMISS
The defendants Connecticut Siting Council and CT Page 3740 Riley Energy Systems of Lisbon Corporation (RESOL) move to dismiss the appeal of the plaintiff Connecticut Resources Recovery Authority (CRRA), claiming the plaintiff has failed to plead and show that it is legally aggrieved by the Council's denial of its request for a declaratory ruling. The defendants also claim that the plaintiff failed to exhaust its administrative remedies. The defendants also claim that the appeal is untimely.
In 1990, the Council issued a certificate of environmental compliance and public necessity authorizing RESOL to construct a trash — to — energy plant in the town of Lisbon. The plaintiff, which had intervened in that proceeding, did not appeal the issuance of the certificate. At that time, RESOL was a wholly owned subsidiary of Riley Energy Systems, Inc. and Ashland Oil Co. Sometime prior to May 1991, Wheelabrator Technologies, Inc. acquired RESOL and its assets, including the certificate. In May 1991, RESOL, under its new management, submitted a plan of development and management to the defendant Council, as required by the terms of the certificate. Although it had received a copy of the plan in advance, plaintiff CRRA did not submit any written comments to the Council within the prescribed time. In June 1991, the Council approved the plan. In April 1993, CRRA applied to the Council for a declaratory ruling that (a) the certificate does not authorize the construction described in the plan; (b) the certificate should have been amended or transferred in accordance with the procedures set forth in General Statutes 16-50k; and (c) the certificate is invalid because RESOL cannot obtain the minimum amount of waste from the communities specified in the certificate. On April 23, 1993, the Council issued its ruling in which it rejected all of the rulings requested by plaintiff CRRA.
The defendants' claim that the plaintiff did not exhaust its administrative remedies is based on the failure of the plaintiff to appeal the original issuance of the certificate to RESOL in 1990 and its failure to submit written comments in response to the plan proposed by RESOL in 1991. Those are not remedies CT Page 3741 which the plaintiff was required to exhaust prior to applying for a declaratory ruling from the agency, however. The declaratory ruling procedure is governed by 4-176, which does not establish any preconditions such as those urged by the defendants. Furthermore, the defendant Council responded to the request for a ruling by issuing one; it did not "decide not to issue a declaratory ruling, stating the reasons for its actions," as it could have done under subsection (e)(5) of 4-176. Once issued, the ruling is a final decision of the agency and a valid subject of appeal under 4-183 (a). In effect, the Council overrode the issue of exhaustion when it issued its final decision.
The defendants' claim that the appeal is untimely is based on the fact that the plaintiff did not appeal the issuance of the certificate in 1991. They argue that the application for a declaratory ruling in 1993 was merely a "ruse" to disguise the failure to appeal earlier. This argument would have greater force if the Council had declined to issue a declaratory ruling. When it did issue the ruling, however, a new final decision was born, along with a new appeal timetable.
Lastly, the defendants claim that the plaintiff lacks standing or aggrievement. In support of this claim, they argue that the plaintiff has failed to show that a specific personal and legal interest has been specially and injuriously affected by the agency's decision, citing New England Rehabilitation Hospital of Hartford, Inc. v. Commission on Hospitals, and Health Care, 226 Conn. 105 (1993).
The plaintiff CRRA contends that it sought the declaratory ruling and appealed the adverse decision in its role as a quasi governmental agency established pursuant to General Statutes 22a-261 et seq. Among its statutory duties is "the conduct of a comprehensive program for solid waste disposal and resources recovery, and for solid waste management services, in accordance with the provisions of the state solid waste management plan, applicable statutes and regulations and the requirements of this chapter."
"Aggrievement is established if there is a CT Page 3742 possibility, as distinguished from a certainty, that some legally protected interested . . . has been adversely affected." (Citations and internal quotation marks omitted). Light Rigging Co. v. Dept. of Public Utility Control, 219 Conn. 168, 173, cited by all parties in this case. In Milford v. Local 1566, 200 Conn. 91, 97
(1986), cited by the plaintiff, our Supreme court held that a governmental agency is aggrieved by a ruling that "(impairs) the agency's ability to discharge effectively the obligations imposed on it by law." In Killingly v. Connecticut Siting Council, 220 Conn. 516,522 (1991), our Supreme Court held "(w)here a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged." (Citations omitted).
The authorities cited above require this court to find that the plaintiff is aggrieved and has the requisite standing to appeal. In particular, the court must indulge the presumption that the Council's ruling may possibly impair CRRA's ability to discharge effectively the obligations imposed on it by 22a-262
et seq.
The motion to dismiss is denied.
MALONEY, J.