[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS FOR LACK OF JURISDICTION
Before the court is a jurisdictional issue which the defendant Commission on Human Rights and Opportunities ("CHRO") contends warrants dismissing the plaintiffs' appeal to Superior Court of the Commission's decision because the court appeal was not timely brought. Determination of the timeliness hinges on whether an administrative appeal taken under the Uniform Administrative Procedure Act must be brought as the defendant CT Page 1519 contends, within thirty days of the agency action as provided by the law in effect on February 6, 1989, or within forty-five days as provided in a later legislative amendment, effective on July 1, 1989, before the plaintiffs brought this appeal. The court finds the appeal was not timely brought by the Board of Fire Commissioners, but was timely brought by the Borough of Naugatuck.[1]
A Complaint Affidavit was filed on February 6, 1989, with the Connecticut Commission on Human Rights and Opportunities by the complainant Mario Pazzani, in which he alleged that the Borough of Naugatuck Fire Commission had engaged in discrimination against him on the basis of age. That complaint was later amended on October 7, 1992 to cite as an additional respondent the Borough of Naugatuck. The Borough was not cited in as an additional respondent to court from state administrative agency decisions until October 7, 1992, long after the appeal period provided in Section 4-183 of the Connecticut General Statutes was enlarged from 30 to 45 days by adoption of Public Act 88-317.[2]
The court finds that the initial complaint was filed against the Board of Fire Commissioners in February 1989 with the CHRO, and therefore, as to the Naugatuck Board of Fire Commissioners, the thirty day appeal period in effect at the time of Mr. Pazzani's initial complaint to the CHRO governs. A motion to dismiss tests whether on the face of the record, the court holds jurisdiction. See: P.B. § 142-146; Upson v. State,190 Conn. 622, 624 (1983). Since it is conceded that the Fire Commissioners Board did not bring its administrative appeal to Superior Court in time, it must be and hereby is dismissed. Our Supreme Court has ruled that it is the date of the initial complaint to the agency which governs which appeal period is applicable under Section 4-183, not the date of appeal to Superior Court. See Vernon Village v. Carothers, 217 Conn. 130
(1991); Miko v. CHRO, 220 Conn. 192 (1991).
The defendant CHRO, relying on Section 46a-54-54 and Section 46a-54-37 of its regulations, asserts that amending a complaint to name an additional respondent, the Borough of Naugatuck, causes the amendment to relate back to the date the complaint was filed because the Borough is charged with notice as of the date the Board of Fire Commissioners received notice of the original complaint to the Commission on Human Rights and Opportunities. Its argument is that the citation of the Borough of Naugatuck into this lawsuit relates back to the filing of the CT Page 1520 first complaint in February of 1989. Therefore, in its view, the shorter appeal period applies, and since the Borough did not take its appeal within the thirty day appeal period, the Borough's case should also be dismissed.
Section 46a-54-54 of the Procedural Regulations of the Connecticut Commission on Human Rights Opportunities states in relevant part:
 (b) a complaint may be amended to restate its contents on a Commission complaint form to cure technical defects and omissions, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute discriminatory practices which are reasonably like or related to or growing out of the allegations of the original complaint including those facts discovered during the investigation of the original complaint, and including additional protected class status or naming additional respondents who have had notice of the complaint relate back to the date the complaint was first received.
(Emphasis added.)
Section 46a-54-37 states in relevant part:
 An agency proceeding will be deemed to have commenced on the date that a complaint is filed with the Commission. Accordingly, a complaint filed before July 1, 1989 will be governed by the administrative procedure act, Chapter 54 of the Connecticut General Statutes as it existed prior to July 1, 1989. Complaints filed after July 1, 1989 will be governed by the administrative procedure act, Chapter 54 of the Connecticut General Statutes, as amended effective July 1, 1989 and thereafter.
[W]here a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged." (Citations omitted; internal quotation marks omitted.) Killingly v. Connecticut SitingCouncil, 220 Conn. 516, 522-23, 600 A.2d 752 (1991).
The regulation that CHRO relies upon did not become CT Page 1521 effective until January 1, 1993, several weeks after the complaint was amended. Without specific language contained within the regulation that such regulation had retroactive application, its provisions are not applicable to the particular circumstances of this case, and therefore, no relation back has occurred. See State v. Paradise, 189 Conn. 346 (1983). The CHRO has not demonstrated retrospective application of this regulation under the particular facts and circumstances of this case. The rule delineated in Lodges 743 and 1746, Etc. v.United Aircraft, 534 F.2d 422 (2d. Cir. 1975), cert. denied,419 U.S. 825, 97 S.Ct. 79, 50 L.Ed.2d 87 (1976) sets out a four part test:
 whether retroactively to apply newly adopted administrative rules is determined by balancing a variety of factors . . . . (1) whether the particular case is one of first impression, (2) whether the new rule represents an abrupt departure from well-established practice or merely attempts to fill a void in an unsettled area of the law, (3) the extent to which the party against whom the rule is applied relied on the former rule, (4) the degree of the burden which a retroactive order imposes on a party, and (5) the statutory interest in applying a new rule despite reliance of a party on the old standard.
(Citations omitted; internal quotation marks omitted.) Id., 452-53.
This is a case of first impression for the Superior Court. The defendant has cited Waterbury v. Commission on Human Rights Opportunities, Superior Court, judicial district of Waterbury, Docket No. 117991 (May 27, 1994, McDonald, J.), wherein the court granted CHRO's motion to dismiss after finding that the proceeding in question commenced on the date the original complaint was filed and not on the date the amended complaint was filed. The court in Waterbury, however, was not faced with the argument now advanced by the plaintiff, Borough of Naugatuck, namely that the regulations were not in effect at the time that it was joined as a defendant. Additionally the court inWaterbury was concerned with an amendment to the complaint which added an additional claim, and not an additional party as in this case.
The Supreme Court in Gurliacci v. Mayer, 218 Conn. 531
CT Page 1522 (1991) discussed the "relation back" doctrine and indicated that the policy behind it is that once a party is notified of litigation based upon a particular transaction or occurrence, the purposes of a statute of limitations has been satisfied, namely to protect parties from the necessity to defend against "stale claims."
The relation back doctrine as applied to amendments provides a party in a civil action with a shield to protect it against the fatal effect of a tolling statute of limitations by allowing a court to view the amended complaint as relating back to the filing date of the original complaint. The defendant seeks to alter the relation back doctrine from one which exists exclusively to provide parties with protection against the death-knell of the statutes of limitations in order to have their claims heard on the merits by the court, to one which works the direct opposite to prevent parties from having their claims heard by the court.
Finally it is worth noting that, the notice sent to the plaintiff Borough by the defendant dated April 22, 1994, entitled "RE: Complainant's/Respondent's Notice of Final Order of Memorandum of Decision", p. 2, the defendant stated: "If,after forty five days, no petition for Reconsideration has been filed and no appeal has been taken, and the provisions of the Order contained herein have not been executed, then the Commission will move for enforcement of the Order in Superior Court."
The degree of burden imposed on the plaintiff should the agency regulations be applied retroactively could not be more grave. The plaintiff Borough would then lose its right to appeal CHRO's decision. See Lodges 743 and 1746, supra.
The motion to dismiss is denied as to the plaintiff Borough of Naugatuck.
FLYNN, J