[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Ilsa C. Wight originally appealed the decision of the defendant commissioner of social services denying her application for Medicaid benefits. The plaintiff subsequently died, and the court granted the motion of the administrator of her estate, Jonathan P. Rice, to be substituted as plaintiff. The commissioner acted pursuant to General Statutes § 17-134 et seq.;42 U.S.C. § 1396a et seq.; and 42 C.F.R. et seq. The plaintiff appeals pursuant to General Statutes § 4-183. The court finds the issues in favor of the defendant commissioner.
The commissioner and the court raised the issue of the court's jurisdiction under § 4-183. That statute requires that the appeal be filed in the office of the clerk of the court within forty-five days after the mailing of the agency's final decision. The parties agree that the final decision was mailed in this case on February 23, 1994. The date stamped on the plaintiff's appeal by the clerk's office is April 13, 1994. That is the forty-ninth day after the decision was mailed. CT Page 3267
The court held a hearing and accepted evidence on the question of the filing of the appeal. The evidence established that the plaintiff mailed the appeal to the court and that it was first received by the clerk on April 7, 1994, the forty-third day. The appeal was accompanied by a check in the proper amount of the filing fee, payable to "State of Connecticut." The clerk returned the check to the plaintiff's attorney, explaining in a telephone call that the check must be made payable to "Clerk, Superior Court." The plaintiff's attorney promptly sent a new check payable as instructed. However, the clerk did not stamp the appeal as filed until he received the new check on April 13, which was beyond the statutory appeal period.
The commissioner urges the court to apply the rule of Van Mecklenburg v. Pan American World Airways, Inc.196 Conn. 517 (1965). That case is distinguishable from the case at bar, however. In Van Mecklenburg, the court held that a motion could not be considered filed when it was received by the clerk's office without any check or other payment of the required filing fee. That is not the situation here. In this case, the clerk received a check in the proper amount, although arguably designating the payee incorrectly.
There are two reasons why the court may not reject jurisdiction in this case. First, there is nothing in the record to indicate that the clerk of the court could not have accepted the check in payment of the filing fee and deposited it for the benefit of the state. It is undisputed that the clerk is an employee of the judicial branch of our government and, as such, is clearly an agent of the state. In this regard, the court notes that it must indulge every presumption favoring jurisdiction.Killingly v. Connecticut Siting Council, 220 Conn. 516,522 (1991). Assuming that the check could legally have been used to pay the filing fee, the clerk was in error in not accepting the appeal for filing on the date it was first received with the check. Such an error may not be the basis for defeating the court's jurisdiction and denying the plaintiff her day in court.
Secondly, even if the clerk could not or preferred CT Page 3268 not to deposit the first check under his existing accounting and banking procedures, there is nothing in the record, nor has the commissioner cited any authority, to suggest that those procedures are based on anything more compelling than office convenience and efficiency. Although such factors are important, they should not be allowed to create a legal obstacle to the filing of an appeal under the provisions of General Statutes § 4-183.
Under the particular circumstances of this case, the court finds that the plaintiff satisfied all legal requirements for filing her appeal on April 7, 1994, and that the necessary papers and fee were in the hands of the clerk of the court on that date. Accordingly, the court concludes that the appeal was filed on that date, thereby complying with the time requirements of the statute.
Turning to the merits of the plaintiff's appeal, the court finds them lacking. The facts are not in dispute. In 1982, the plaintiff's husband executed an inter vivos trust for the benefit of the plaintiff and their children. The trust provides that the trustee has unlimited discretion to distribute to the plaintiff the principal of the trust corpus if the trustee deems it necessary "for her . . . medical care." The plaintiff's husband died in 1990.
In October 1991, the plaintiff entered a nursing home. In 1993, she applied for Medicaid. At that time, the trust assets amounted to approximately $270,000. The commissioner denied her application on the basis that the plaintiff's available assets exceeded the Medicaid limit of $1600.
In 1985, Congress enacted legislation providing that amounts that a trustee may distribute to an individual, in the trustee's discretion, are deemed to be available to that individual when calculating his or her assets in determining eligibility for Medicaid benefits. See 42 U.S.C. § 1396a(k). In accordance with that statute, therefore, if applicable to this trust, the entire corpus of $270,000 would be deemed available to the plaintiff, thus disqualifying her for Medicaid benefits. CT Page 3269
The plaintiff does not dispute that the trust in this case fits the definition of a "medicaid qualifying trust," as set forth in the federal statute. She argues, however, that the rule does not apply to her because her trust was established before the statute took effect. That argument may not be sustained.
The Consolidated Omnibus Budget Reconciliation Act of 1985, which was the vehicle for the enactment of the "medicaid qualifying trust" statute, provided that the statute "shall apply to medical assistance on or after the first day of the second month beginning after the date of the enactment of this Act." The date of enactment of the Act was April 7, 1986.
As indicated by the text of the federal statute above, the "medicaid qualifying trust" rules apply at the time of the rendering of the medical assistance for which benefits are sought. The date of the establishment of the trust is irrelevant. This was the interpretation of the rules followed by the commissioner. The plaintiff has above, the "medicaid qualifying trust" rules apply at the time of the rendering of the medical assistance for which benefits are sought. The date of the establishment of the trust is irrelevant. This was the interpretation of the rules followed by the commissioner. The plaintiff has offered no authority to the contrary. The court finds that the commissioner's decision was in accordance with applicable law.
The plaintiff's application for Medicaid benefits was filed well after the effective date of the federal statute. Therefore, her application was subject to the provisions of the statute, which rendered her ineligible for the benefits.
The appeal is dismissed.
MALONEY, J. CT Page 3270