[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
Defendants Robert J. Buckley and the commission on human rights and opportunities move to dismiss the appeal of the plaintiff department of motor vehicles on the ground that the department failed to serve the appeal on the defendants within the time prescribed by statute. The court finds the issues in favor of the defendants.
The parties have submitted memoranda of law and affidavits and other exhibits in support of their respective positions. The case that is to basis of this administrative appeal began with a complaint to the commission in 1986. Accordingly, the provisions of the Uniform Administrative Procedure Act in effect prior to the 1989 changes govern the filing and service of the appeal. General Statutes § 4-185(a); Regs. Conn. State Agencies § 46a-54-37; Miko v. CHRO, 220 Conn. 192, 196, n. 3 (1991). Section 4-183(b) of the statutes (Rev'd to 1989) provided that the person appealing an agency final decision was required to serve the appeal on all parties of record within thirty days after the mailing of the decision by the agency. It is that provision that is in contention in this case. CT Page 5227
Certain key facts are not seriously disputed. The court finds that the commission mailed copies of its final decision to defendant Buckley and to his attorney on Thursday, December 29, 1994, as evidenced by certified mail receipt forms and a photocopy of the envelope addressed to Buckley's attorney.
The certified mail receipt form and the envelope containing the plaintiff department's copy of the final decision are missing. It is undisputed, however, that the U.S. Postal Service delivered the copy of the decision, by certified mail, to the department on January 3, 1995. The delivery date to the department is evidenced by the return receipt and by the affidavit of the commission employee responsible for mail service.
The commission offices and the state mail service were closed on Saturday, December 31, 1994; Sunday, January 1, 1995; and Monday, January 2, 1995.
The plaintiff served the appeal on the defendants on February 2, 1995. That is the thirtieth day after January 3, 1995.
If the commission mailed the decision to the department before January 3, 1995, the service on the defendants on February 2 was beyond the thirty day time limit. The plaintiff department urges the court to presume or infer that the commission mailed the final decision to the department on January 3, 1995. The obvious difficulty in indulging such a presumption or drawing such an inference is that January 3 was when the department received the appeal in the mail. The plaintiff's argument would require the court to determine, therefore, that the document was mailed on the same day it was received.
The plaintiff bases its argument on the familiar rule that "every presumption favoring jurisdiction should be indulged," citing Killingly v. Connecticut SitingCouncil, 220 Conn. 516, 522 (1991). While that rule is unquestionably intended to aid the court in preserving its jurisdiction to decide cases on their merits, it is not intended to be a substitute for the court's factfinding function in determining whether an appellant CT Page 5228 has complied with mandatory provisions of the statutes concerning service and filing of appeals. Indeed, the case cited goes on to say, in the next sentence, "A trial court should make every effort to adjudicate the substantive controversy before it, and where practicable,
should decide a procedural issue so as not to preclude hearing the merits of an appeal." Id. The necessary qualifier of the rule is that the asserted presumption must be a reasonable one.
Turning to the present case, the common experience of ordinary men and women in our society, overwhelmingly, is that mail is not received the same day it is sent. While that may not be so self-proving a fact as to be eligible for judicial notice, it does serve to make any contrary presumption utterly unreasonable. Accordingly, the court declines to presume that the commission mailed the final decision to the department on January 3, 1995, the same day that the department received it.
The court finds that the commission mailed its final decision to the department prior to January 3, 1995. There is no evidence, direct or circumstantial, that the commission mailed it on January 3. Rather, the only available evidence indicates that it was mailed on December 29, 1994. The affidavit of Ms. Pasternak, the commission employee responsible for mailing the decision, states that she deposited it in the state mail system, addressed to the assistant attorney general representing the department, on December 22, along with the copies addressed to defendant Buckley and his attorney. December 29 and December 30 were days when the state mail system and the U.S. Postal Service were open for business. The state mail system subsequently mailed the Buckley copies on December 29. Under these circumstances, it is reasonable to infer that the department's copy received the same handling as the Buckley copies. Even if it became separated from the Buckley copies, however, it may still reasonably be inferred that it was mailed on December 30. What is not reasonable to infer is that the department's copy was mailed after December 30. The mail services were closed after that day until January 3. And, as indicated, the court cannot reasonably infer, in the absence of any evidence, that the decision was mailed January 3, the same day it was received. CT Page 5229
The court's finding that the commission mailed its final decision to the department prior to January 3, 1995, necessarily means that the department served its appeal on the defendants beyond the statutory thirty day period. The failure to serve the appeal within the statutory time limit deprives the court of subject matter jurisdiction. Raines v. Freedom of InformationCommission, 221 Conn. 482 (1992).
The defendants' motion to dismiss the appeal is granted.
MALONEY, J.