[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs Miguel Fuentes and Michael A. Fuentes appeal the decision of the defendant medical examining board revoking the license of Michael A. Fuentes to practice medicine in this state. The board acted pursuant to General Statutes § 19a-17. The plaintiffs' appeal pursuant to the Uniform Administrative Act, General Statutes § 4-166 et seq. and, in particular §4-183. The board moves to dismiss, alleging the court lacks jurisdiction.
The bases of the board's motion are its contentions (1) that the plaintiffs failed to serve a copy of the appeal on the board in accordance with § 4-183 (c); (2) that the plaintiffs failed to file an affidavit of service with the court as required by § 4-183 (d); and (3) that plaintiff Miguel Fuentes is not CT Page 11636 legally aggrieved by the board's decision sufficient to permit him to appeal it to this court.
General Statutes § 4-183 (c) provides that a copy of an appeal of an administrative decision must be served on all parties of record and filed in the superior court within forty-five days after mailing of the final decision. The statute further provides that service shall be made by sending a copy of the appeal by "(1) United States mail, certified or registered, postage prepaid, return receipt requested, without the use of a sheriff or other officer, or (2) personal service by a proper officer or indifferent person making service in the same manner as complaints are served in ordinary civil actions."
The failure to serve the appeal within the statutory time limit deprives the court of subject matter jurisdiction. Rainesv. Freedom of Information Commission, 221 Conn. 482, 487 (1992).
The statute cited above required the plaintiffs in this case to send to the medical examining board at the address shown in its decision a copy of their appeal by certified or registered mail, return receipt requested, within forty-five days after June 21, 1995, which was the date that the board mailed its decision to the plaintiff. The cutoff date was, therefore, August 5, 1995. If the medical examining board did not receive a copy of the appeal on or before that date, this court lacks jurisdiction to hear and decide the appeal on its merits.
The board attached two affidavits to its motion to dismiss. The first is the affidavit of the person employed by the department of health and addiction services to act as the record keeper for the board. In her affidavit dated September 26, 1995, she states that as of that date the board had not been served with or received in the mail a copy of any appeal of the decision in the plaintiffs' case. The second affidavit is by the assistant attorney general who is responsible for receiving service of appeals in cases where the appellants choose to serve the attorney general acting for the board. See § 52-64. In her affidavit, dated October 2, 1995, she states that as of that date the attorney general had not been served with a copy of the appeal in this case.
After hearing oral argument on the defendant's motion, the court called the parties back for further evidence and argument. Both parties presented testimony, and the court makes the CT Page 11637 following findings of fact based on that testimony and other undisputed evidence in the court's file. By statute, the department of public health and addiction services provides all of the administrative services required by the defendant medical examining board. General Statutes § 19a-14. The department is housed at 150 Washington Street in Hartford. Within the department, there is a liaison division, which is specifically responsible for providing all administrative services to the board and, according to the testimony of its supervisor, acts as "agent" for the board in accepting service of appeals of the board's decisions. There is also a separate division within the department known as the "public health hearing office division." That division is responsible for filing and prosecuting complaints against licensed professionals before the board. When a member of the public brings any documents to the office of the department, he or she is met by a receptionist who determines to whom within the department to give the document.
In the present case, plaintiff Miguel Fuentes went to the department's office at 150 Washington Street in Hartford on August 4, 1995, immediately after filing this appeal in the court. At that time, he delivered a copy of the summons and appeal to the department's receptionist and requested that the department date stamp another copy for his own records. The summons identifies only the board as the party defendant. Nevertheless, the receptionist delivered the documents to the department's division of public hearing, rather than to the department's liaison division, which served the board. An employee in the department's hearing division then date stamped the documents and the plaintiff's copy, and the department's copy was retained in the hearing division. Apparently, it was never forwarded to the liaison division.
Based on the facts summarized above and the provisions of § 19a-14, the court finds that the plaintiff delivered the summons and appeal to the defendant board on August 4, 1995 by leaving them in the hands of personnel of the department of public health and addiction services, which was responsible for receiving service of such documents for the board. The board constructively and effectively received the documents on that day. The fact that personnel of the department may have misdirected the documents may not be held to prejudice the plaintiffs.
As indicated, the plaintiffs did not effect service in the CT Page 11638 manner prescribed by § 4-183 (c); that is, they did not have a sheriff make service nor did they send the appeal to the board by certified mail, return receipt requested. The court concludes, however, that the defect is not fatal in this case. In Tolly v.Department of Human Resources, 225 Conn. 13, 28-29 (1993), the Supreme Court held that if there is a defect in the process that is timely served, as contrasted with the case where there is no timely service, the appeal is dismissable only upon a finding of prejudice to the agency. There is no evidence of any such prejudice in this case. Accordingly, the appeal is not dismissable on the sole basis of a defect in the manner in which service was accomplished.
The board's second asserted ground for its motion to dismiss the appeal is that the plaintiffs failed to file the proof of service required by § 4-183 (d). This is, at most, a defect in process that is governed by the Tolly rule and does not, in this case, afford a basis for dismissing the appeal.
The board's contention that the plaintiff is not legally aggrieved raises serious issues of jurisdiction. The board's decision revoked the license of plaintiff Michael A. Fuentes to practice medicine. Plaintiff Miguel Fuentes is Michael's father. The board took no action against Miguel.
"The fundamental test for determining aggrievement encompasses a well settled two fold determination: first, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that the specific personal and legal interest has been specially and injuriously affected by the decision . . . Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." (Citations and internal quotation marks omitted; emphasis added.) Light Rigging Co. v. Dept. of PublicUtility Control, 219 Conn. 168, 173 (1991).
Based on these familiar principles, which have been expressed and applied repeatedly in our court decisions over the years, the court concludes that plaintiff Miguel Fuentes is not legally aggrieved by the board's decision revoking his son's license to practice medicine. Under the law, Miguel has no legal interest in CT Page 11639 Michael's license. The fact that he may have expended his own funds in support of his son and that he may have assisted his son in defending against the charges considered by the board do not give him a legal interest in the subject matter of the board's decision, which concerned only the right of Michael to practice medicine in Connecticut. Accordingly, the court concludes that the appeal must be dismissed as to Miguel.
It is equally clear that Michael is legally aggrieved by the board's decision. "A licensed physician has a right and estate in his profession of which he cannot be deprived without due process of law." (Citations and internal quotation marks omitted.) StateMedical Society v. Board of Examiners in Podiatry, 203 Conn. 295,300 (1987). In the present case, of course, the board's decision adversely affected that right. So the critical question is not whether Michael is aggrieved; rather, the question is whether Michael is a plaintiff.
The original summons in this case names both Miguel and Michael Fuentes as plaintiffs. The attached complaint names only Miguel, however. These documents are signed by Miguel only, not by Michael. Miguel is not an attorney, and he signed the documents as a plaintiff appearing pro se. He also signed and filed a pro se appearance form. A few days later, on August 12, 1995, Michael filed a document, apparently signed by him, in which he states that he seeks an "overthrow of all actions of Conn. Medical Board . . . by the Connecticut Superior Court in Hartford." Subsequently, on October 10, 1995, Michael filed another document in which he sets forth his own arguments for reversing the board's decision. Michael has never filed any document formally entering his appearance in the appeal.
Although the documents filed by Michael A. Fuentes in this case lack the formal language that would be helpful in identifying their purpose, the court must nevertheless attempt to construe them so as to preserve its jurisdiction over the appeal if possible. "Where a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged." Killingly v. Connecticut SitingCouncil, 220 Conn. 516, 522 (1991).
The court has carefully reviewed the documents signed and filed by Michael Fuentes. In essence, the first document, filed on August 12, 1995, states that he seeks a reversal of the board's decision revoking his license and summarizes fourteen CT Page 11640 alleged errors of law and fact committed by the board. The second document, which refers to the docket number of this appeal, was filed in response to this motion by the board to dismiss the appeal. The court concludes that the first document is essentially an amendment to the appeal and an appearance by Michael Fuentes. Accordingly, the court holds that he is a plaintiff.
The court enters the following orders at this time:
 1. The motion to dismiss the appeal of Miguel Fuentes is granted for the reason that he is not legally aggrieved by the board's decision.
 2. The motion to dismiss the appeal of Michael Fuentes is denied for the reason that he is a plaintiff and is aggrieved by the board's decision.
 3. The board is ordered to file its answer and the administrative record with the court on or before December 8, 1995; plaintiff Michael A. Fuentes is ordered to file his brief with the court and furnish a copy to the board on or before January 8, 1996; the board is ordered to file its brief with the court and furnish a copy to the plaintiff on or before February 8, 1996.
The court notes the plaintiff's address, as provided by his father, as
1133 Charles Street, McKees Rock PA 15136.
In the future, the plaintiff is ordered to furnish a copy of every document or communication concerning this appeal to the attorney for the board, as follows:
 Richard J. Lynch, Assistant Attorney General Post Office Box 120 Hartford CT 06106-0120
MALONEY, J. CT Page 11641