[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed June 2, 1997
The parties to this action are the Plaintiff, Ira Zinkerman, and the State of Connecticut Psychiatric Security Review Board (hereinafter "PSRB"). This case presents an issue of first impression concerning the right of an CT Page 6344 acquitted under General Statutes § 53a-13, to Superior Court review of a PSRB determination that his confinement should be in a maximum security setting. The court finds that such right does not exist and dismisses this appeal for lack of subject matter jurisdiction.
The Plaintiff, on June 25, 1993, was found not guilty by reason of mental disease or defect as to the charges of Attempt to Commit Larceny in the First Degree, Burglary in the Third Degree, seventeen counts of Forgery in the Second Degree, Larceny in the Second Degree, Larceny in the Third Degree and two counts of Criminal Impersonation. As an acquittee pursuant to General Statutes § 53a-13 Zinkerman was committed on August 12, 1993, to the custody of the Commissioner of Mental Health for a period not to exceed seven years.
The PSRB is charged pursuant with General Statutes § 17a-580, et seq., with the oversight of acquittees. The PSRB is an administrative agency of the State pursuant to the Uniform Administrative Procedures Act, General Statutes § 4-166 (1).
In reviewing the Plaintiff's status, pursuant to § 17a-585,[1] the PSRB held a hearing on December 1, 1995. In accordance with the requirements of General Statutes § 17a-584
the PSRB determined, after such hearing, that Zinkerman shall remain confined at the Whiting Forensic Division of Connecticut Valley Hospital for care, custody and treatment under maximum security conditions.
The Plaintiff brings this action pursuant to the Uniform Administration Procedures Act (UAPA § 4-166, et seq.)[2] The appeal does not challenge the PSRB decision on the issue of confinement, but only the portion of the order requiring him to be confined at the Whiting Forensic Division in maximum security. The Plaintiff's confinement history as an "acquittee" included a period between approximately October 29, 1993, and May 2, 1994, when he was at the Connecticut Valley Hospital in other than a maximum security setting. Plaintiff in this appeal wishes to challenge his placement at the Whiting Forensic Division and the reasons underlying such decision.
Defendant asserts a jurisdictional challenge to the CT Page 6345 court's consideration of such issue. It is black letter law in this State that the right to appeal an administrative action is created only by statute and an appellant must exercise the right in accordance with the statute in order for the court to have jurisdiction. Marshall v. InlandWetlands Commission, 221 Conn. 46, 50 (1992); New EnglandRehabilitation Hospital of Hartford, Inc. v. CHRO,226 Conn. 105, 120 (1993). If the legislature has not created statutory authority for an appeal from an administrative agency, the Superior court does not have jurisdiction to hear the appeal. Killingly v. Connecticut Siting Council,220 Conn. 516, 522 (1991), Toise v. Rowe, 44 Conn. App. 143,146 (1997). Also, see Figueroa v. C S Ball Bearing,237 Conn. 1 (1996)
The PSRB decision resulted from a § 17a-585[3] hearing and review. Section 17a-585 requires the board to make a finding and act pursuant to § 17a-584.
Section 17a-584 requires the PSRB to make a finding of the acquittee's mental condition and order one of three options: discharge from custody; conditional release from custody or continued confinement. In this case the PSRB found Plaintiff to be suffering from a psychiatric disability to the extent that his discharge or conditional release would constitute a danger to himself or others. Thus, it ordered his continued confinement. The finding as to mental condition and confinement order to a hospital for mental illness were required under § 17a-584.
Section 17a-597 provides for administrative appeals to the Superior Court only as to decisions under subdivision (2) (conditional release) or (3) (confinement) of 17a-584.[4]
The placement of the Plaintiff within a division of a hospital for mental illness, even its maximum security component, is not a 17a-584 decision. The scope of § 17a-584
is limited to a mental condition finding; a dispositional decision (discharge, conditional release or confinement); and within confinement decisions, a placement in either a hospital for psychiatric disabilities or with the Commissioner of Mental Retardation.
The placement within a hospital for psychiatric disabilities is not a § 17a-584 decision. It is rather a CT Page 6346 decision pursuant to § 17a-599; which requires that the PSRB when determining whether an acquittee must be confined, to further determine whether the acquittee is so violent as to require confinement under conditions of maximum security.
The court lacks jurisdiction under § 17a-597 in that the maximum security placement is not a § 17a-584 or § 17a-587
decision.
Additionally, the Plaintiff is not entitled to review under § 4-183 (a). General Statutes § 4-186 (f) confines judicial review of PSRB decisions to those described in § 17a-597. As previously discussed, § 17a-597 does not give the court jurisdiction over this appeal.
The appeal is dismissed.
McWEENY, J.