[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The defendant, Connecticut Commissioner of Environmental Protection ("DEP"), has moved, pursuant to § 10-30 of the Connecticut Practice Book, to dismiss this administrative appeal. The defendant claims that this court lacks subject matter CT Page 15954 jurisdiction to hear this action because it is not an appeal from a final decision of an administrative agency in a contested case and the plaintiff failed to allege any basis for aggrievement.
The plaintiff, John Mandanici, III, applied to the DEP, Tree Protection Examining Board, for an arborist license to perform arboriculture as defined in General Statutes § 23-61a. On March 10, 1999, the plaintiff completed and passed a written Tree Identification examination. Thereafter, the plaintiff took the oral arborist examination, but was notified that he had failed the oral examination with a score of 65. The plaintiff re-took the oral arborist examination on June 9, 1999. By letter dated June 18, 1999, the plaintiff was notified that he again did not pass the oral examination, scoring a 65, and accordingly, was denied an arborist license.
Thereafter, the plaintiff brought this administrative appeal, pursuant to General Statutes § 4-183 et seq., claiming that the DEP acted illegally, arbitrarily and in abuse of its discretion. The plaintiff asked this court to direct the DEP to grant him an arborist license.
DEP here moves the court to dismiss the plaintiffs administrative appeal contending that it is not an appeal from a final decision of an agency in a contested case and that it lacks a pleading pre-requisite for an administrative appeal, namely, an allegation of aggrievement. DEP contends that this court lacks subject matter jurisdiction to hear this appeal.
No absolute right to appeal to the Superior Court from a decision of an administrative agency exists. Lewis v. GamingPolicy Board, 224 Conn. 693, 699 (1993). Rather, judicial review of an administrative decision is a creature of statute; Tarnopalv. Connecticut Siting Council, 212 Conn. 157, 163 (1989); and, in Connecticut, is governed by General Statutes § 4-183. Under §4-183 (a), a person who has exhausted all administrative remedies and who is aggrieved by a final decision of an agency may appeal to the Superior Court. The term "final decision" is defined in General Statutes § 4-166 (3)(A) as "the agency determination in a contested case."
General Statutes § 4-166 (2) defines "contested case" as: "a proceeding, including but not restricted to rate-making, price fixing and licensing, in which the legal rights, duties or privileges of a party are required by statute to be determined by CT Page 15955 an agency after an opportunity for hearing or in which a hearing is in fact held." In Summit Hydropower Partnership v.Commissioner of Environmental Protection, 226 Conn. 792 (1993), the Supreme Court decided the meaning of a contested case and when a party has the right to appeal from an agency determination. There, the court stated: "The test for determining contested case status has been well established and requires an inquiry into three criteria, to wit: (1) whether a legal right, duty or privilege is at issue, (2) and is statutorily required to be determined by the agency, (3) through an opportunity for hearing or in which a hearing is in fact held." (Emphasis in original.) Id., 800-801. The court further held: "If the plaintiffs rights or privileges were not statutorily required to be determined by the agency in a hearing or after an opportunity for a hearing, a "contested case' would not exist and the plaintiff would have no right to appeal pursuant to § 4-183 (a)." Id., 802.
In the present case, the plaintiff seeks to appeal from the June 18, 1999 notification that he did not pass the second oral examination. However, the notification of the failure of a licensing examination is not a final decision in a contested case. Here, there is no mandated hearing. DEP simply is not required under the statutes to hold a hearing concerning its examination results or on its notification of a failure of an examination. See General Statutes § 23-61b. Thus, there is no statutory authority for an appeal from this type of action by DEP. Accordingly, this court lacks subject matter jurisdiction to hear this appeal. Killingly v. Connecticut Siting Council,220 Conn. 516, 521-22 (1991).
Based on the foregoing, this court lacks subject matter jurisdiction to hear this appeal and DEP's motion to dismiss this administrative appeal is granted.
Michael Hartmere, J.