**Jian Gang CHU, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.**

No. 85–7342.

United States Court of Appeals, Ninth Circuit.

Argued Sept. 14, 1987.

Submitted Sept. 1, 1988.

Decided May 26, 1989.

---

**2.** We do not decide whether delay resulting from a motion brought in bad faith is excluda-ble.

Jon Wu, San Francisco, Cal., for petitioner.

Alison Drucker and Morris Deutsch, Dept. of Justice, Washington, D.C., for respondent.

Before ALARCON and O'SCANNLAIN, Circuit Judges, and WILLIAMS,* District Judge.

* The Honorable David W. Williams, Senior United States District Judge for the Central District of California, sitting by designation.

O'SCANNLAIN, Circuit Judge:

We are called upon to decide once again whether a deportation order of the Immigration and Naturalization Service ("INS") rendered final by the INS Board of Immigration Appeals ("BIA") can be rendered nonfinal by a subsequently filed motion for reconsideration. Because the petition for judicial review in this case was filed before the deportation order became final, we lack jurisdiction and therefore the petition must be dismissed.

I

In 1983, Jian Gang Chu ("Chu") entered the United States as a member of a Chinese musical troupe. While passing through customs, he put a note on the back of his watch signaling to United States Customs officials that he wished political asylum. The INS took him into custody the next day.

The INS later issued an order to show cause why Chu should not be deportable as an immigrant alien not in possession of a valid immigrant visa. Chu admitted the facts alleged in that order and conceded his deportability at his deportation hearing in December of 1983. He then filed an asylum application, which the immigration judge treated as a request for both asylum and withholding of deportation. Chu's asylum application was forwarded to the State Department's Bureau of Human Rights and Humanitarian Affairs ("BHRHA") for a routine advisory opinion. The BHRHA concluded that Chu had "not established a well-grounded fear of persecution within the meaning of the United Nations Convention and Protocol relating to the status of refugees."

The immigration judge ("IJ"), relying on the State Department's opinion and testimony in the record, found Chu deportable and entered a deportation order which granted him thirty days within which to depart voluntarily from the United States.

Chu appealed that decision to the BIA, which affirmed the IJ on May 8, 1985. On June 7, 1985, Chu timely moved the BIA to reconsider its May 8th order. On June 19, 1985, but before the BIA had ruled on his motion to reconsider, Chu filed this petition for review.[1] The June 19th petition for review is before this court.

## II

Exclusive jurisdiction to review deportation orders is vested in the courts of appeals by 8 U.S.C. § 1105a(a)(1) which provides: "Petition for review may be filed not later than six months from the date of the final deportation order...."

The INS contends that its deportation order was not final because the motion for reconsideration was still pending before the BIA when Chu sought review in this court. The INS argues that Fed.R.App.P. 4 which controls appeals in civil cases from final orders of the district courts should be applied to this case. Fed.R.App.P. 4(a)(4) states that "[a] notice of appeal filed before the disposition of [various motions] shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion...."

Judicial review of federal agency action is generally controlled by the organic agency statute or the Administrative Procedure Act. Fed.R.App.P. 4 is limited by its terms to appeals from district court judgments. In any event, Fed.R.App.P. 15(a), which prescribes the manner in which judicial review of administrative orders is obtained, fails to provide for timeliness of filings beyond the cryptic "within the time prescribed by law." Neither the provisions of Title 8 of the United States Code which governs INS matters nor the regulations promulgated pursuant to it, articulate whether an INS decision is final for purposes of judicial review if post decision motions are pending. One curious provision in 8 C.F.R. § 103.5a states that "[m]otions to open or reconsider shall state whether the validity of the order has been or is the subject of any judicial proceeding." See also 8 C.F.R. § 3.8a (1982); cf. 8 C.F.R. § 243.1 (1982). Nevertheless, these regulations fail to clarify finality of INS action.

Our own circuit has dealt with timeliness of judicial review of INS action on several occasions, and two of our decisions are particularly instructive. In Hyun Joon Chung v. INS, 720 F.2d 1471 (9th Cir.1983), we noted that it was the intent of Congress to

create a process in which there is a single judicial review of all questions relating to an alien's deportation. Where either a motion to reopen or a motion to reconsider has been filed not later than six months from the date of the final deportation order, an otherwise appealable final order becomes no longer appealable in this court until the motion is denied or the proceedings have been effectively terminated.

Id. at 1474. There we considered whether a petition for review filed within six months of BIA dismissal of an appeal from IJ denial of suspension of deportation gave us jurisdiction to review an underlying order entered seven years earlier.

 In the more recent case of Fayazi–Azad v. INS, 792 F.2d 873 (9th Cir.1986), the procedural situation was closer to the one before us now and is, indeed, controlling. There the BIA order upheld the IJ's denial of application for asylum and withholding of deportation. Fayazi–Azad then filed a timely motion to reopen his deportation proceedings. During the pendency of the motion to reopen, he filed what apparently was a protective petition for review of the original decision. Citing Chung, we dismissed the petition and noted:

Because the time for filing a petition for judicial review on the underlying order does not begin to run until the agency acts upon the motion to reopen, it is not necessary for a petitioner to file a protective appeal from the BIA's original deci-

---

1. While we do not find it material to this proceeding, we are informed that on September 10, 1985, the BIA denied Chu's motion to reconsider

and that Chu did not file a petition for review after entry of the September 10th BIA order.

sion in order to preserve the issues raised therein.

*Id.* at 874. Not only is a premature petition not necessary, it is a nullity because there is no final deportation order to review. 8 U.S.C. § 1105a(a)(1). Our own circuit precedent compels dismissal of Chu's petition for lack of jurisdiction.

### III

Aware of the harshness of such result in this case, we carefully examine policy arguments favoring jurisdiction to consider Chu's petition. Precedent exists for the proposition that judicial review may ensue while post order reconsideration continues before the agency. Section 10(c) of the Administrative Procedure Act (5 U.S.C. § 704) provides for judicial review and states, in part, as follows:

> Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented ... an application ... for any form of reconsideration.

One distinguished member of the Court of Appeals for the District of Columbia wrote that this section "permits judicial appeal and request for agency reconsideration to be pursued simultaneously." *American Trucking Associates v. ICC*, 697 F.2d 1146, 1148 n. * (D.C.Cir.1983). Although the plain language of section 704 would suggest that judicial review properly can be taken while a motion to reconsider is pending, the Supreme Court recently has held otherwise in an opinion written for a 5–4 majority by Justice Scalia who, incidentally, was the author of *American Trucking*. *ICC v. Brotherhood of Locomotive Engineers*, 482 U.S. 270, 107 S.Ct. 2360, 2369, 96 L.Ed.2d 222 (1987). In *Locomotive Engineers*, the Court was asked to consider whether a timely motion for reconsideration caused an underlying ICC decision to lose its status as a final reviewable order. The Court found that section 704 did not "prevent petitions for reconsideration that are actually filed from rendering the orders under reconsideration nonfinal." *Id.*

The rationale of *Locomotive Engineers* has been subsequently applied to petitions for judicial review of agency action in three other circuits. In *West Penn v. EPA*, 760 F.2d 580 (3d Cir.1988), the court decided whether a petition for reconsideration of an EPA decision, filed prior to petition for judicial review, rendered the EPA's decision nonfinal and the petition for judicial review a nullity. Judge Becker, writing for the court, stated: "It makes sense to define 'finality' under the Clean Air Act in the same way that it is defined in administrative law generally." *Id.* at 584. His opinion went on to hold that "[f]inality for purposes of entitlement to judicial review should mean the same thing that finality means for purposes of triggering the time limit for appeal. Thus ... section 704 allow[s] petitions for reconsideration to render agency actions nonfinal." *Id.* at 587–88. In *Winter v. ICC*, 851 F.2d 1056, 1062 (8th Cir.1988), the court found that, notwithstanding section 704, a motion to reopen an ICC proceeding rendered the original decision nonfinal and therefore jurisdiction was lacking.

In *United Transportation Union v. ICC*, 871 F.2d 1114 (D.C.Cir.1989), the court considered whether a procedural statute allowed a party to file a motion for reconsideration while also pursuing an appeal in its court where the provision states, in pertinent part: "Notwithstanding this subtitle [permitting the Commission to reopen and reconsider its orders], an action of the Commission under this section ... is final on the date on which it is served, and a civil action to enforce, enjoin, suspend, or set aside the action may be filed after that date." Judge Mikva, writing for the court, cited *Winter* for the proposition that " '[n]o cases hold that the same party may simultaneously seek both judicial and administrative review.' " At 1117 (citing *Winter*, 851 F.2d at 1062). Similarly, he cited *West Penn*, concluding that "[p]etitioners have the option of proceeding directly to the court of appeals, or giving the agency another chance to consider the matter and applying to the court of appeals afterward." At 1118 (citing *West Penn*, 760 F.2d at 586).

■ Even if *Fayazi–Azad* were not controlling, we find no principled basis upon

781

which to distinguish Chu's case from *Locomotive Engineers* and its progeny. Even though the INS may have completed action on the motion to reconsider prior to oral argument in this court, we lacked jurisdiction when the petition was filed because there was no final deportation order to review. Chu's petition for review must therefore be dismissed.

DISMISSED.