956 F.2d 275
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Salvatore PISTONE, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 88-7014.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 13, 1992.
Decided Feb. 14, 1992.
 
 Before SNEED, SCHROEDER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Salvatore Pistone appeals from an October 7, 1987, order of the Board of Immigration Appeals, which summarily dismissed his appeal of an immigration judge's order finding him deportable and denying his application for a waiver of inadmissibility and adjustment of status. Pistone had filed a motion for reconsideration with the BIA prior to filing his notice of appeal, which has been held to render a notice of appeal inoperative. Fayazi-Azad v. I.N.S., 792 F.2d 873 (9th Cir.1986); see also Chu v. I.N.S., 875 F.2d 777 (9th Cir.1989). However, he subsequently filed a motion to reopen with the BIA and obtained from this court a stay of the appeal and several orders over a period of many months that he report periodically on the status of the rehearing motion and the petition for review.
 
 
 3
 After the BIA denied Pistone's motions to reopen and for reconsideration, the stay was lifted by this court and a briefing schedule was set. In filing a notice of completion of Board action, Pistone was acting in accordance with the orders of this court. For this reason, we construe Pistone's notice of completion as a renewal of his petition for review. Pistone's petition was therefore timely, and we have jurisdiction of this appeal. We affirm.
 
 
 4
 Summary dismissal of the appeal by the BIA is affirmed because it is appropriate under the facts of this case. See Martinez-Zelaya v. INS, 841 F.2d 294, 295-96 (9th Cir.1988); Reyes-Mendoza v. INS, 774 F.2d 1364, 1365 (9th Cir.1985). The notice of appeal filed with the BIA in this case was inadequate. Pistone's counsel knew he had the option to file a brief and did not do so. It was not reasonable for a lawyer to expect the BIA and its staff to search the record for unarticulated errors.
 
 
 5
 The BIA properly denied the motion for reconsideration. Pistone again failed to state the specifics of his challenges to the immigration judge's decision, and the reconsideration was properly denied.
 
 
 6
 The motion to reopen raised issues relating to suspension of deportation. The BIA's conclusion that the motion did not satisfy the evidentiary prerequisites, or establish a prima facie case, was correct. See 8 C.F.R. § 3.8(a). The BIA considered the facts provided by Pistone and articulated its reasons for denying relief, which is all that is required. See Bu Roe v. INS, 771 F.2d 1328, 1333 (9th Cir.1985).
 
 
 7
 Petition for review DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3