**Anthony OGIO, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 92–70216.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 6, 1993 *.

Decided Aug. 16, 1993.

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34–4.

Roni P. Deutsch, Encino, CA, for petitioner.

David M. McConnell, Office of Immigration Litigation, U.S. Dept. of Justice, Washington, DC, for respondent.

Before: NORRIS, WIGGINS, and O'SCANNLAIN, Circuit Judges.

PER CURIAM:

Ogio seeks review of a decision of the Board of Immigration Appeals ("BIA"). Because we lack jurisdiction, we dismiss Ogio's petition for review.

## I

The BIA affirmed the immigration judge's order of deportation on January 13, 1992. On March 17, 1992, Ogio filed a motion for reconsideration of this decision before the BIA. Subsequently, on April 9, 1992, Ogio filed this petition for review.

It is clearly established in this circuit that, if a petition for review is not already pending, the filing of a motion to reopen or to reconsider before the BIA renders the BIA's prior decision nonfinal for purposes of review in this court. Thus, when a petition for review is filed *after* a motion to reopen or to reconsider has been made, there is no final deportation order for us to review, and we accordingly lack jurisdiction to hear the merits of the petitioner's case. *Chu v. INS*, 875 F.2d 777, 779–80 (9th Cir.1989); *Fayazi–Azad v. INS*, 792 F.2d 873, 874 (9th Cir.1986); *Hyun Joon Chung v. INS*, 720 F.2d 1471, 1474 (9th Cir.1983), *cert. denied*, 467 U.S. 1216, 104 S.Ct. 2659, 81 L.Ed.2d 366 (1984). This precisely describes the situation in this case, and our circuit law therefore mandates that we dismiss Ogio's petition.

## II

The government maintains, however, that jurisdiction is proper, arguing that the *Chu* line of cases has not survived Congress's passage of the Immigration Act of 1990, Pub.L. No. 101–649. This enactment added section 106(a)(6) to the Immigration and Naturalization Act ("INA"), which states: "whenever a petitioner seeks review of an order under this section, any review sought with respect to a motion to reopen or reconsider shall be consolidated with the review of the order." 8 U.S.C. § 1105a(a)(6). The government points to a recent Seventh Circuit decision, *Akrap v. INS*, 966 F.2d 267 (7th Cir.1992), which relied on this amendment in declining to follow the reasoning of *Chu*. "By its own terms," said the court, section 106(a)(6) "refers to the consolidation of two reviews.... If the filing of a motion to reopen were to render any previous order non-final, only one order would exist—and what then would be subject to 'consolidation?'" *Akrap*, 966 F.2d at 271.

If adhering to the rule in *Chu* truly would deny all force and effect to section 106(a)(6), and frustrate its purpose, then the government's position might give us pause. But this is not the case. The point of section 106(a)(6) appears to be to prevent the courts of appeals from entertaining two separate petitions for review of a single underlying deportation order, presumably because of the delay and inefficiency occasioned by such a double review. *Chu* in no way interferes with this policy. *Chu* simply says that, if the alien seeks to reopen his case with the BIA *before* he files a petition for review, he must wait to ask for his one hearing in the Ninth Circuit until *after* the BIA has ruled on his motion to reopen.

In addition, *Chu* does not mean that section 106(a)(6) is a nullity in this circuit. In *Berroteran–Melendez v. INS*, 955 F.2d 1251 (9th Cir.1992), we held that there *is* jurisdiction in this court when the alien tenders his motion to reopen *after* the petition for review has already been filed. It is thus entirely possible that an alien may validly seek review of *both* the original BIA decision *and* the denial of his motion to reopen. In such a case, section 1106(a)(6) will presumably be given effect, such that the review triggered by the two petitions will be consolidated in a single appellate proceeding.

In short, in this circuit it is not the case that "the filing of a motion to reopen ... render[s] *any* previous order non-final," as the Seventh Circuit assumed in deciding *Akrap*. In our circuit, the filing of a motion to reopen renders nonfinal *only* an order as to which a petition for review has not yet been filed. Given the way our law has developed, *Akrap*'s reasoning is inapplicable here.[1]

### III

The government does not maintain that Congress intended to overrule the *Chu* line of cases when it added section 106(a)(6) to the INA. The only claim is that *Chu* is logically inconsistent with the regime envisioned by this enactment. It is not. *Chu* rested its analysis on sound general principles of administrative law. The amendments to which the government points do not cast doubt on that analysis. This panel is therefore bound to follow the established law of the circuit.

**PETITION DISMISSED.**

---

1. This is admittedly a complicated state of affairs. We note, however, that our en banc court in *Butros v. INS*, 990 F.2d 1142 (9th Cir.1993), without expressly passing on the propriety of *Chu*, clearly embraced the proposition that "there can be no pretense of anything so simple as one all-embracing notion of finality" with respect to administrative adjudications. *Id.* at 1145. *See id.* at 1146 (Fernandez, J., concurring) ("the majority holds that 'finality' in some cosmic sense is *not* really the issue here.... [W]e need not consider arguments regarding *Chu*, a case which involved a species of finality—that is, finality for the purpose of appealing to this court.").