21 F.3d 1115
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bahram SAMANIAN; Badri Samanian; Bahareh Samanian, Petitioners,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-70652.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 9, 1994.*
Decided April 22, 1994.
 
 Before: HUG, HALL and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Bahram Samanian, Badri Samanian and Bahareh Samanian petition for review of the decisions of the immigration judge (IJ) and Board of Immigration Appeals (BIA) denying their applications for asylum, withholding of deportation and suspension of deportation. The Samanians also request remand to the BIA or withholding of review until the BIA makes a decision on their motion to reopen. We have jurisdiction under 8 U.S.C. Sec. 1105a(a), and we deny the petition for review.
 
 STANDARD OF REVIEW
 
 3
 We review the decision to deny asylum under the abuse of discretion standard. Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992) (citing Bolanos-Hernandez v. INS, 767 F.2d 1277, 1282 n. 9 (9th Cir.1984)). We review the underlying factual findings for substantial evidence. Id. (citing Sanchez-Trujillo v. INS, 801 F.2d 1571, 1578 (9th Cir.1986)). The substantial evidence standard also applies to the decision not to withhold deportation. Id. (citing Echeverria-Hernandez v. INS, 923 F.2d 688, 690 (9th Cir.1991)). The denial of suspension of deportation is reviewed for abuse of discretion. Hassan v. INS, 927 F.2d 465, 467 (9th Cir.1991) (citing Cerrillo-Perez v. INS, 809 F.2d 1419, 1421 (9th Cir.1987)).
 
 DISCUSSION
 
 4
 The BIA has discretion whether to reopen deportation hearings, and we will not compel reopening. Ramirez-Gonzalez v. INS, 695 F.2d 1208, 1213 (9th Cir.1983). The Samanians' motion to remand to the BIA is denied.
 
 
 5
 We reject the Samanians' argument that we should hold the petition for review in abeyance. When an alien files a motion with the BIA to reconsider a deportation order before the alien files a petition with us for review of the deportation order, we lack jurisdiction to hear the petition. Chu v. INS, 875 F.2d 777, 780 (9th Cir.1989). The same is true when an alien files a motion to reopen with the BIA before filing a petition for judicial review. Hyun Joon Chung v. INS, 720 F.2d 1471, 1473-74 (9th Cir.1983), cert. denied, 467 U.S. 1216 (1984). However, in this case, the Samanians filed the motion to reopen after they filed the petition for review. Therefore, we have jurisdiction to hear this petition. We will not consider, however, the Samanians' applications for legalization. They must present those applications to the INS. 8 U.S.C. Sec. 1255a; 8 C.F.R. 245a (1993).
 
 
 6
 The Samanians were not denied effective assistance of trial or appellate counsel. "Ineffective assistance of counsel in a deportation proceeding is a denial of due process only 'if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case.' " Ramirez-Durazo v. INS, 794 F.2d 491, 499-450 (9th Cir.1986) (citing Lopez v. INS, 775 F.2d 1015, 1017 (9th Cir.1985)). The Samanians made no such showing and the IJ considered all relevant contentions.
 
 
 7
 The IJ and BIA did not err in denying the Samanians' applications for asylum, because they did not establish a well-founded fear of persecution. 8 U.S.C. Sec. 1158(a); 8 U.S.C. Sec. 1101(a)(42)(A). Mr. Samanian, when he was employed by Iran Air, flew out of the country, thereby "cross[ing] the picket line when the Tehran Airport was contested political territory," as he asserts in the Samanians' opening brief at page 6. However, that was more than fourteen years ago, and there is no evidence that any member of the Samanian family in Iran was ever mistreated. The Samanians are not members of any organization or group, and although Mr. Samanian's name may have been on a "list" as Mrs. Samanian alleges, there is no evidence the Iranian government singled the Samanians out for persecution. Moreover, the IJ concluded that Mrs. Samanian's testimony about the "list" lacked credibility.
 
 
 8
 The well-founded fear of persecution standard for asylum is less stringent than the clear probability of persecution standard for withholding of deportation. Diaz-Escobar v. INS, 782 F.2d 1488, 1492 (9th Cir.1986). Therefore, if an alien fails to demonstrate a well-founded fear of persecution, the inquiry need proceed no further because "a fortiori, [the alien] would have failed to meet the ... standard of clear probability of persecution." Id.
 
 
 9
 The denial of suspension of deportation was not an abuse of discretion. Pursuant to section 244(a)(1) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1254(a), the attorney general may, in her discretion, suspend deportation of an alien who is deportable; has been present in the United States for not less than seven years; is of "good moral character;" and whose deportation would "result in extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." The Samanians failed to establish that they would experience extreme hardship if deported to Iran. In addition, in view of the sham marriages, the BIA acted within its discretion.
 
 
 10
 The petition for review is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. The Samanians' request for oral argument is DENIED
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit Rule 36-3