24 F.3d 248
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Asuncion B. RAMEL, aka Millares Asuncion Bagoyo, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70891.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 13, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Asuncion B. Ramel, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal as untimely. Ramel had sought to appeal the immigration judge's ("IJ") decision finding her deportable as charged and denying her request for a waiver of deportation, or in the alternative, voluntary departure. We dismiss Ramel's petition for lack of jurisdiction.
 
 
 3
 We have jurisdiction to review only final orders of deportation. 8 U.S.C. Sec. 1105a(a). When a petitioner files a motion to reopen before seeking judicial review of an order of deportation, "there is no final deportation order for us to review, and we accordingly lack jurisdiction to hear the merits of the petitioner's case." Ogio v. INS, 2 F.3d 959, 960 (9th Cir.1993); Chu v. INS, 875 F.2d 777, 779-80 (9th Cir.1989).
 
 
 4
 On October 20, 1993, the BIA issued its order dismissing Ramel's appeal as untimely. In the same order, the BIA declined to consider Ramel's motion to reopen on the ground that the IJ retained jurisdiction over the motion. On October 29, 1993, Ramel filed a motion to reopen with the IJ. On November 5, 1993, before the IJ could rule on Ramel's motion to reopen, Ramel filed a petition for review with this court of the BIA's dismissal of her appeal. On November 24, 1993, the IJ denied Ramel's motion to reopen on its merits. Ramel asserts that she has appealed that decision to the BIA.
 
 
 5
 Because Ramel filed a motion to reopen prior to filing her petition for review with this court, there is no final deportation order for us to review. See Ogio, 2 F.3d at 960. Accordingly, we lack jurisdiction over the merits of Ramel's case. See id.
 
 
 6
 PETITION FOR REVIEW DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3