50 F.3d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ricardo HERNANDEZ-ALVARADO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70860.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 16, 1995.*
Decided March 23, 1995.
 
 Before: NORRIS, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ricardo Hernandez-Alvarado seeks review of a decision of the Board of Immigration Appeals ("BIA") affirming that he is deportable and ineligible for withholding of deportation. Because we lack jurisdiction, we dismiss Hernandez-Alvarado's petition for review.
 
 
 3
 The BIA affirmed the immigration judge's order of deportation on August 25, 1993. On October 1, 1993, Hernandez-Alvarado filed a document captioned "petition for review" with the BIA, insisting that it be treated as a motion to reopen.[1] On October 27, 1993, he filed this petition for review. The BIA denied the motion to reopen on November 5, 1993, but no subsequent petition for review was filed.
 
 
 4
 It is clearly established in this circuit that,
 
 
 5
 if a petition for review is not already pending, the filing of a motion to reopen or to reconsider before the BIA renders the BIA's prior decision nonfinal for purposes of review in this court. Thus, when a petition for review is filed after a motion to reopen or to reconsider has been made, there is no final deportation order for us to review, and we accordingly lack jurisdiction to hear the merits of the petitioner's case.
 
 
 6
 Ogio v. INS, 2 F.3d 959, 960 (9th Cir.1993) (citing Chu v. INS, 875 F.2d 777, 779-80 (9th Cir.1989)). It is not sufficient that the BIA ruled on the motion to reopen while this petition for review was still pending. For, not only is a "premature petition not necessary, it is a nullity...." Chu v. INS, 875 F.2d at 780 (court lacked jurisdiction even though the INS had completed action on the motion to reconsider before oral argument in this court). Because Hernandez-Alvarado filed a motion to reopen before filing this petition for review, we lack jurisdiction to consider the petition.
 
 
 7
 The petition for review is DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We treat the characterization of this document as a motion to reopen as conceded. The BIA's ruling on the motion to reopen explained that Hernandez-Alvarado insisted that the document he filed be treated as a motion to reopen. A.R. at 3. Hernandez-Alvarado did not seek review of the Board's denial of this motion. Before the BIA ruled on the motion to reopen, the government filed a motion to dismiss the petition for lack of jurisdiction with the Ninth Circuit, putting Hernandez-Alvarado on notice that his petition for review was nullified by the motion to reopen. This motion was denied without prejudice to its renewal in the BIA's brief on the merits
 In his opening brief filed with this court, moreover, Hernandez-Alvarado does not address the issue of jurisdiction. Instead, he mischaracterizes the record, stating that he filed the petition for review before the motion to reopen. The government addressed this argument at length in its opening brief, but no reply brief was filed by Hernandez-Alvarado.