Ernesto Isidro PABLO, Petitioner,

v.

IMMIGRATION & NATURALIZATION SERVICE, Respondent.

No. 93–70294.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 17, 1995 *.

Decided Dec. 27, 1995.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34–4.

Artemio A. Almendral, San Francisco, California, for petitioner.

Carl H. McIntyre, Jr., Office of Immigration Litigation, United States Department of Justice, Washington, DC, for respondent.

Before: NORRIS, BEEZER, and TROTT, Circuit Judges.

BEEZER, Circuit Judge:

Ernesto Isidro Pablo, a native and citizen of the Philippines, petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of his application for a waiver of deportation. The BIA concluded that Pablo's equities failed to outweigh the adverse nature of his multiple criminal convictions. We deny review.

I

Pablo entered the United States as a lawful permanent resident in May of 1979. Ten years later, in August of 1989, the Immigration and Naturalization Service ("INS") issued an Order to Show Cause charging Pablo with deportability, under 8 U.S.C. § 1251(a)(4), as an alien convicted of two or more crimes of moral turpitude not arising out of a single transaction. The charge was based on Pablo's convictions for lewd and lascivious acts upon a child under the age of 14 and for child molesting. Both convictions were entered upon guilty pleas.

At his deportation hearing, Pablo applied for a waiver of deportation pursuant to 8

U.S.C. § 1182(c). Pablo claimed that he was innocent of the crimes to which he had pleaded guilty, and he alleged that he had pleaded guilty solely to avoid the possibility of lengthier sentences that might have resulted from guilty verdicts. Pablo also pointed to equities that he believed merited a grant of discretionary relief. The IJ denied Pablo's petition and ordered him deported. The BIA affirmed and adopted the IJ's decision and dismissed Pablo's appeal.

## II

■ We consider our jurisdiction over the petition for review. Under 8 U.S.C. § 1105a(a)(1), we are authorized to review deportation orders of the INS if a petition for review is filed within 90 days of "the issuance of the *final* deportation order." (emphasis added). We first determine whether the decision of the BIA was final. We hold that it was.

On February 8, 1993, the BIA affirmed the order of the IJ denying Pablo's application for a waiver of deportation. Pablo moved the BIA to reopen on March 19, 1993. Four days later, on March 23, 1993, he filed a petition for review. On April 15, 1993, Pablo moved to withdraw his motion to reopen. The BIA granted this motion.

We have held that the filing of a motion to reopen before the filing of a petition for review of a deportation order renders the deportation order nonfinal and nonreviewable. *Chu v. INS*, 875 F.2d 777 (9th Cir. 1989); *Fayazi–Azad v. INS*, 792 F.2d 873 (9th Cir.1986). Pablo moved to reopen four days before petitioning for review, and the motion was not dismissed until three weeks after the petition was filed. In *Chu* we held that the BIA's eventual action on the motion is "not . . . material to this proceeding." 875 F.2d at 779 n. 1. Instead, "[e]ven though the INS may have completed action on the motion . . . prior to oral argument in this court, we lacked jurisdiction when the petition was filed because there was no final deportation order to review." *Id.* at 781.

The INS argues, however, that we need not follow *Chu* and *Fayazi–Azad* because of a subsequent amendment to 8 U.S.C. § 1105a. Adopted in 1990, section 106(a)(6) of the Immigration and Nationality Act provides that "whenever a petitioner seeks review of an order under this section, any review sought with respect to a motion to reopen or reconsider such an order shall be consolidated with the review of the order." 8 U.S.C. § 1105a(a)(6).

In *Ogio v. INS*, 2 F.3d 959 (9th Cir.1993), we held that section 106(a)(6) did not overrule *Chu* and *Fayazi–Azad.* We held that "when a petition for review is filed *after* a motion to reopen or to reconsider has been made, there is no final deportation order for us to review, and we accordingly lack jurisdiction to hear the merits of the petitioner's case." *Id.* at 960 (emphasis in original). We explained that such a rule does not render section 106(a)(6) moot because "there *is* jurisdiction in this court when the alien tenders his motion to reopen *after* the petition for review has already been filed." *Ogio*, 2 F.3d at 960 (emphasis in original) (citing *Berroteran–Melendez v. INS*, 955 F.2d 1251 (9th Cir.1992)). Thus, it is "entirely possible that an alien may validly seek review of *both* the original BIA decision *and* the denial of his motion to reopen." *Id.* (emphasis in original). In such a case, section 106(a)(6) would be given effect, and the two petitions would be consolidated.

*Ogio's* interpretation of section 106(a)(6) is rejected in *Stone v. INS*, —— U.S. ——, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995). In *Stone,* the Supreme Court addresses whether moving to reopen or reconsider after a BIA deportation order tolls the 90–day time period for filing a petition for review of the order with a court of appeals. The Court holds that it does not.

The Court notes that the normal rule under both the APA and the Hobbs Act is that the "timely filing of a motion to reconsider renders the underlying order nonfinal for purposes of judicial review." *Id.* at ——, 115 S.Ct. at 1543. The Court explains, however, that section 106(a)(6) was intended to change this rule in the INS deportation context because section 106(a)(6) envisions two petitions for review. "[T]he provision requires for its operation the existence of two separate final orders, the petitions for review of which

could be consolidated. The two orders cannot remain final and hence the subject of separate petitions for review if the filing of the reconsideration motion rendered the original order nonfinal." *Id.* at ——, 115 S.Ct. at 1544.

Although it does not cite *Ogio,* the Supreme Court explicitly rejects the interpretation of section 106(a)(6) put forth in *Ogio.* The Court writes that if

> the filing of a timely petition for reconsideration before seeking judicial review renders the underlying order nonfinal, so that a reviewing court would lack jurisdiction to review the order until after disposition of the reconsideration motion, one wonders how a court retains jurisdiction merely because the petitioner delays the reconsideration motions until after filing the petition for judicial review of the underlying order.

*Id.* "It is implausible," the Court writes, "that Congress would direct different results in the two circumstances." *Id.* at ——, 115 S.Ct. at 1545.

In coming to its conclusion that section 106(a)(6) was intended as an exception to the normal tolling rule, the Court holds that section 106(a)(6) "reflects Congress' understanding that a deportation order is final, and reviewable, when issued. Its finality is not affected by the subsequent filing of a motion to reconsider." *Id.* at ——, 115 S.Ct. at 1549. Given this holding, we recognize that the line of Ninth Circuit authority holding that a motion to reopen causes a deportation order to be nonfinal for jurisdictional purposes is overruled. We have jurisdiction over Pablo's petition.

### III

■ Because 8 U.S.C. § 1182(c) provides for discretionary relief, decisions to deny such relief are reviewed under the abuse of discretion standard. *Vargas v. United States Dep't of Immigration & Naturalization,* 831 F.2d 906, 908 (9th Cir.1987). The decision of the agency should be set aside "if it fails to state its reasons and show proper consideration of all factors when weighing equities and denying relief."

*Yepes–Prado v. INS,* 10 F.3d 1363 (9th Cir. 1993). The BIA supported its decision to affirm the IJ's denial of a waiver of deportation with a reasoned explanation and based its conclusion on legitimate concerns.

■ In determining whether or not to grant discretionary relief, the BIA has enumerated several factors to consider. Those considerations that favor relief include:

> 1) family ties within the United States; 2) residence of long duration in this country (particularly when residence began at a young age); 3) hardship to the petitioner or petitioner's family if relief is not granted; 4) service in the United States armed forces; 5) a history of employment; 6) the existence of business or property ties; 7) evidence of value and service to the community; 8) proof of rehabilitation if a criminal record exists; 9) other evidence attesting to good character.

*Id.* at 1366. Those factors to be weighed against relief include: "1) the nature and underlying circumstances of the exclusion or deportation ground at issue; 2) additional violations of the immigration laws; 3) the existence, seriousness, and recency of any criminal record; 4) other evidence of bad character or the undesirability of the applicant as a permanent resident." *Id.*

■ The BIA considered all of the relevant factors and determined that Pablo showed outstanding equities. Weighing against the favorable equities, however, the BIA pointed to Pablo's serious crimes which included weapons offenses and his two most recent convictions for child molestation. Despite Pablo's argument on appeal that "child molestation … is not among the most serious of crimes" and is "a social crime, not really one involving evil, immoral and vicious acts," we agree with the BIA that the crimes for which Pablo was convicted were "particularly serious." Furthermore, the BIA correctly refused, in effect, to retry these criminal cases based on Pablo's claim that he was innocent of the charges although he pleaded guilty to them. "As an administrative agency, the INS has no power to adjudicate the validity of state convictions underlying deportation proceedings." *Ocon–Perez v. INS,* 550 F.2d 1153, 1154 (9th Cir.1977).

The BIA did not abuse its discretion in deciding that the factors favoring relief for Pablo did not outweigh the seriousness of his multiple criminal convictions. Sexual offenses perpetrated on children are exceptionally serious crimes, and the equities Pablo put forth in support of discretionary relief are insufficient to outweigh the crimes to which he pleaded guilty.

Review is DENIED.