87 F.3d 1317
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Reymundo BODAN-REYES, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70831.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 15, 1996.*
Decided June 07, 1996.
 
 1
 Before: THOMPSON and KLEINFELD, Circuit Judges, and WILSON, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Mr. Bodan-Reyes filed a motion to reopen before filing his petition for review with this court. Under Chu v. INS, 875 F.2d 777 (9th Cir.1989) and Fayazi-Azad v. INS, 792 F.2d 873 (9th Cir.1986), the motion to reopen would have destroyed the finality of the BIA's decision, so we would not have had jurisdiction to review. In Pablo v. INS, 72 F.3d 110 (9th Cir.1995), however, we held that the "line of Ninth Circuit authority holding that a motion to reopen causes a deportation order to be nonfinal for jurisdictional purposes is overruled." Id. at 113. The line of authority was overruled by Stone v. INS, 115 S.Ct. 1537 (1995). See Pablo, 72 F.3d at 112-13. In Pablo, as in the case at bar, the petitioner moved the BIA to reopen before filing his petition for review in this court, yet we held that we had jurisdiction over the petition. This case is not distinguishable, so we have jurisdiction.
 
 
 4
 The BIA had a substantial basis in the record as a whole for its determination that Mr. Bodan-Reyes did not have a well-founded fear of persecution based on political opinion or religion. The evidence showed that he left his work on the coffee plantation because his duties were extended from two weeks to four. He then hid in church, and developed a personal religious view inconsistent with military duties required by the government. He then fled Nicaragua because he understood that the government would attempt to conscript him into the armed forces. Also, his future looked bleak because, on account of his refusal to work the additional two weeks in the coffee fields, he had not completed his education.
 
 
 5
 Mr. Bodan-Reyes' evidence does not establish that he had a well-founded fear of persecution on account of political opinion or religion. His argument goes to his own reason for avoiding conscription, rather than the government's reason for conscripting him. But persecution requires that he "show the persecutor had a protected basis [religious views or political opinion] in mind in undertaking the persecution." Canas-Segovia v. INS, 970 F.2d 599, 601 (9th Cir.1992). A general government requirement of military service does not constitute persecution, so a well-founded fear of conscription is not equivalent to a well-founded fear of persecution. See Barraza Rivera v. INS, 913 F.2d 1443, 1450 (9th Cir.1990). Likewise, a general high school community service requirement does not amount to persecution.
 
 
 6
 Because the record supports the BIA's determination that Mr. Bodan-Reyes did not have a well-founded fear of persecution, it follows a fortiori that he did not have a "clear probability of persecution" necessary to avoid deportation under 8 U.S.C. § 1253(h).
 
 
 7
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Stephen V. Wilson, United States District Judge for the District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3