**Maria Julia GARCIA–JIMENEZ, Petitioner—Appellant,**

**v.**

**John ASHCROFT, Attorney General; et al., Respondents—Appellees.**

No. 02–16731.

D.C. No. CV–02–03525–JF.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Sept. 26, 2003.

Martin Resendez Guajardo, Esq., Law Office of Martin Resendez Guajardo, San Francisco, CA, for Petitioner–Appellant.

Alison E. Daw, aus, USSJ–Office of the U.S. Attorney, San Jose, CA, for Respondents–Appellees.

Before HALL, O'SCANNLAIN, and LEAVY, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Maria Julia Garcia–Jimenez appeals from the district court's dismissal of her habeas petition for lack of subject matter jurisdiction. Because the relevant facts are known to the parties they are not repeated here.

In *Gutierrez–Chavez v. INS*, 298 F.3d 824, 830 (9th Cir.2002), we delineated the scope of habeas review in the context of the removal process: "Habeas petitions that ... do not allege [constitutional or statutory] error but simply seek to change the discretionary result reached by the [Immigration Naturalization Service ('INS')] are not within the scope of § 2241 and should be denied." Accordingly, "habeas is not available to claim that the INS simply came to an unwise, yet lawful, conclusion when it did exercise its discretion." *Id.* at 828.

Whether Garcia–Jimenez's conviction was a "particularly serious crime," thereby rendering her ineligible for withholding of removal, is a determination within the Immigration Judge's ("IJ's") discretion. *See Matsuk v. INS*, 247 F.3d 999, 1002 (9th Cir.2001). Nevertheless, Garcia–Jimenez contends that we have jurisdiction because the IJ's determination was so inconsistent with the facts of the case that it amounted to a refusal to exercise discretion.

But the record reveals that the IJ engaged in a careful assessment of the particular circumstances of Garcia–Jimenez's case when deciding that she had committed a particularly serious crime. The IJ took into account the nature of the crime of drug importation, the fact that Garcia–Jimenez was unaware that she was carrying cocaine across the border, and that Garcia–Jimenez believed that she was carrying prescription medicines. The IJ did conclude that the facts and circumstances surrounding Garcia's crime were less severe than those of a normal drug trafficking crime. Nevertheless, the IJ reasoned that by knowingly carrying a concealed illegal substance which she believed to be prescription medicines and which can also be harmful, Garcia had committed a particularly serious crime, thereby rendering her ineligible for relief for withholding of removal.[1]

As the district court correctly determined, Garcia–Jimenez's challenges to the IJ's denial of her application for relief are all directed to the manner in which the IJ exercised its discretion. Accordingly, we lack jurisdiction to review this discretionary determination of the IJ.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. And to the extent that Garcia–Jimenez argues that she lacked the requisite mens rea for the crime which she was convicted, we have previously held that the IJ and BIA may not adjudicate the validity of an underlying criminal conviction. *See Pablo v. INS*, 72 F.3d 110, 113 (9th Cir.1995) ("the BIA correctly refused, in effect, to retry these criminal cases based on [petitioner]'s claim that he was innocent of the charges although he pleaded guilty to them"); *De la Cruz v. INS*, 951 F.2d 226, 228 (9th Cir.1991) (Upon petitioner's claim that he was denied effective assistance of counsel in his state court criminal trial because he was not advised of the deportation consequences of pleading guilty, the court recited that the "INS has no power to adjudicate the validity of state convictions underlying deportation hearings").