**Radomir LAZOVIC, Petitioner,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

No. 02–73290.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2003.\*\*

Decided May 21, 2004.

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)2.

Mark Edwin Rath, Esq., Attorney at Law, Encinitas, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri Jane Scardon, Hillel Smith, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: HUG, B. FLETCHER, and WARDLAW, Circuit Judges.

## MEMORANDUM ***

Radomir Lazovic, a native and citizen of the former Yugoslavia, petitions for review of a final order of the Board of Immigration Appeals ("BIA"), which dismissed his claims for suspension of deportation, asylum, withholding of deportation and voluntary departure because of his 1996 felony conviction for annoying or molesting a child under 18, a violation of Cal.Penal Code § 647.6. Lazovic argues both that his crime is not an aggravated felony, and that because his conviction was expunged under Cal.Penal Code § 1203.4, it may not count as a conviction for purposes of immigration law. We have jurisdiction pursuant to former 8 U.S.C. § 1105a, and the transitional rules set forth in section 309(c) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009 (1996), as amended by the Act of October 11, 1996, Pub.L. No. 104–302, 110 Stat. 3656, and deny the petition.

Although we normally review the BIA's legal interpretations de novo, see Garcia–Lopez v. Ashcroft, 334 F.3d 840, 843 (9th Cir.2003), when the statute in dispute "is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." Murillo–Espinoza v. INS, 261 F.3d 771, 773 (9th Cir.2001). If so, we defer to the agency's interpretation. See Chevron U.S.A., Inc. v. Natural Res. Defense Council, Inc., 467 U.S. 837, 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

■ The BIA correctly concluded that the expungement of Lazovic's 1996 convic-tion under Cal.Penal Code section 1203.4 did not remove that conviction's immigration consequences. "[A]s a general rule, an expunged conviction qualifies as a conviction under the INA.... For immigration purposes, a person continues to stand convicted of an offense notwithstanding a later expungement under a state's rehabilitative law." Ramirez–Castro v. INS, 287 F.3d 1172, 1174 (9th Cir.2002) (holding that a misdemeanor conviction expunged under § 1203.4 constitutes a conviction for immigration purposes). Our holding in Ramirez–Castro thus compels us to conclude that the BIA did not err in finding that Lazovic's prior conviction, even though it was expunged, qualifies as a conviction for immigration purposes.

■ The BIA also did not err in denying Lazovic asylum because of his conviction for an aggravated felony. See 8 U.S.C. § 1158(d) (1995). An aggravated felony is defined, in part, as "murder, rape, or sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A). We have recently held that the convicting statute, Cal.Penal Code section 647.6, "reaches not only conduct that would constitute the aggravated felony of 'sexual abuse' but conduct that would not...." United States v. Pallares–Galan, 359 F.3d 1088, 1102–03 (9th Cir.2004). We therefore examine this prior conviction under the modified categorical approach, id. at 1099, and may look to the charging papers and any signed plea agreement to determine the nature of the offense. See United States v. Franklin, 235 F.3d 1165, 1170 n. 5 (9th Cir.2000) (citing United States v. Sweeten, 933 F.2d 765, 772 (9th Cir.1991)).

Here, the original complaint identified the victim as "a child under the age of fourteen years," and charged that "[Lazo-

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

vic] touched Victim's breast," "touched Victim's lower side buttocks with penis," made "Victim touch his penis," and "kissed Victim." Lazovic signed a plea agreement in which he plead guilty to one of seven child molestation counts, and admitted that he "touched [the] 12 year old Victim on breasts under clothing and touched other intimate parts." Given these facts, we agree with the BIA, and hold that Lazovic's conduct constitutes sexual abuse of a minor and, therefore, an aggravated felony as defined by 8 U.S.C. § 1101(a)(43)(A), which renders Lazovic ineligible for asylum.

■ Additionally, the BIA correctly determined that Lazovic was ineligible for voluntary departure. Under the transitional IIRIRA rules, "[n]o person shall be regarded as, or found to be, a person of good moral character who, during the [five-year] period for which good moral character is required to be established, is, or was ... (8) one who at any time has been convicted of an aggravated felony (as defined in subsection (a)(43) of this section)." 8 U.S.C. § 1101(f) (1995). Because Lazovic's 1996 conviction is an aggravated felony as defined by § 1101(a)(43), the BIA properly found him to be ineligible for voluntary departure.[1] *See* 8 U.S.C. § 1254(e) (1995).

■ The BIA also properly found Lazovic ineligible for withholding of deportation because of his conviction for "a particularly serious crime...." 8 U.S.C. § 1253(h)(2)(B) (1995). The BIA reasonably found that Lazovic's crime was a particularly serious offense, *see Pablo v. INS,* 72 F.3d 110, 113–14 (9th Cir.1995) ("Sexual offenses perpetrated on children are ex-

ceptionally serious crimes ...."), and thus was entitled to conclude he was ineligible for withholding of deportation.

■ Finally, the BIA correctly found that Lazovic was ineligible for suspension of deportation. Because an alien may only be eligible for suspension of deportation if he has demonstrated good moral character, *see* 8 U.S.C. § 1254(a)(1) (1995), and because the INA elsewhere provides that no person could show "good moral character" once he or she has been convicted of an aggravated felony, *see* 8 U.S.C. 1101(f)(8) (1995), Lazovic's conviction renders him ineligible for such relief.

**PETITION DENIED.**

---

1. Lazovic's relevant conviction was in 1996, and his application for voluntary departure was filed in 1997. Thus, the relevant conviction occurred within five years of Lazovic's application.

