**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE DE JESUS FLORES-VENEGAS, | No. 11-71650 |
| Petitioner, | Agency No. A092-612-326 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012[**]

Before:     RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Jose De Jesus Flores-Venegas, a native and citizen of Mexico, petitions for

review of an order of the Board of Immigration Appeals ("BIA") dismissing his

motion to reopen based on a claim of ineffective assistance of counsel. Our

jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

BIA's denial of a motion to reopen. *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying Flores-Venegas's motion to reopen as untimely, where he filed his motion more than five months after issuance of the final order of removal, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), and failed to demonstrate that ineffective assistance of counsel delayed the filing of his motion to reopen, *see Avagyan*, 646 F.3d at 678 ("[A] petitioner is entitled to equitable tolling of the deadline during periods when a petitioner is prevented from filing because of a deception, fraud, or error" (citation and internal quotation marks omitted)). Consequently, Flores-Venegas's related contention that the BIA abused its discretion by not providing a reasoned explanation for its decision fails. *See Pablo v. INS*, 72 F.3d 110, 113-14 (9th Cir. 1995) (concluding that the BIA did not abuse its discretion because it articulated its reasoning and showed proper consideration of the relevant evidence).

We lack jurisdiction to consider Flores-Venegas's contentions that his unawareness of the BIA's dismissal of his earlier appeal prevented him from timely filing his motion and that he warrants sua sponte reopening, because Flores-Venegas failed to exhaust these claims before the BIA. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

Finally, because the foregoing determinations are dispositive of the present petition for review, we decline to consider Flores-Venegas's contention regarding due diligence. *See Mendez-Alcaraz v. Gonzales*, 464 F.3d 842, 844 (9th Cir. 2006) (declining to reach nondispositive challenges to a BIA order).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**