[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs Town of Newington; Keith Chapman, the town manager and traffic authority of the town; and Parts Mart, Inc. appeal a decision of the state traffic commission granting a certificate permitting the If construction and operation of a shopping center on Cedar Street in the town. The commission granted the certificate to the developer of the proposed shopping center, defendant Sebastian Ciaffaglione, pursuant to General Statutes § 14-311. The plaintiffs appeal pursuant to §§ 14-311(e) and 4-183. The court finds the issues in favor of the defendants.
Subsection (a) of General Statutes § 14-311 requires that any person seeking to establish a shopping center first obtain a certificate from the commission that the development "will not imperil the safety of the public." Subsection (d) of the statute provides, in relevant part, as follows:
 In determining the advisability of such certification, the state traffic commission shall include, in its consideration, highway safety, the width and character of the highways affected, the density of traffic thereon, the character of such traffic and the opinion and findings of the traffic authority of the municipality wherein the development is located.
On March 29, 1990, the developers received approval from the Newington Plan and Zoning Commission subject to the condition, among others, that the state traffic commission issue a certificate pursuant to applicable law.
In July 1990, the developers applied to the commission for a certificate. The commission approved the issuance of the certificate on April 20, 1993, subject to certain conditions. It is that action which is the subject of this appeal. CT Page 100
In its brief, the commission questions the court's jurisdiction, citing General Statutes § 4-183 and SummitHydropower Partnership v. Commissioner of EnvironmentalProtection, 226 Conn. 792 (1993). The basis of the commission s attack on the court s jurisdiction is that there is no statutory requirement that the commission hold a hearing prior to issuing or denying a certificate. The court must fully resolve any such question before considering the merits of an appeal. Castro v. Viera,207 Conn. 420, 429 (1988).
Appeals from administrative agencies exist only under statutory authority. An appellant may take advantage of the right to appeal only by strictly complying with the statute that creates the right.Tarnapol v. Connecticut Siting Council, 212 Conn. 157,163-164 (1989).
The plaintiff in this case is appealing a decision rendered by the state traffic commission pursuant to General Statutes § 14-311. The plaintiff cites subsection (e) of that statute as authority for its appeal. That statute provides, in relevant part as follows:
 (e) Any person aggrieved by any decision of the state traffic commission hereunder may appeal therefrom in accordance with the provisions of section 4-183 . . . .
The problem is to reconcile that provision with the provisions of § 4-183. Standing alone, § 4-183(a) provides only a limited right of appeal from state agency actions to this court. Not every action of an administrative agency is appealable. A person "does not have a right to appeal unless the (agency) was statutorily required to determine the (person's) legal right or privilege in a hearing or after an opportunity for a hearing." Summit Hydropower Partnership v.Commissioner of Environmental Protection, 226 Conn. 792,802 (1993).
Section 14-311 does not provide a right to a hearing; it does not even mention the possibility of a hearing at the discretion of the agency. Based on the CT Page 101 absence of any such provision, this court has held in similar cases that it lacks jurisdiction to hear appeals of commission decisions. See Town of Southington v. StateTraffic Commission, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 362840 (3 Conn. L. Rptr. 610 [1991]) and Connecticut Post LimitedPartnership v. State Traffic Commission, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 321430 (13 CLT 27 [June 8, 1987]).
The Summit Hydropower, Town of Southington andConnecticut Post Limited Partnership cases, supra, were decided under the version of § 4-183 that was in effect prior to the amendment of that statute by Public Act 88-317. That Act did not, however, affect the requirement that there be a statutory right to an administrative hearing as a prerequisite to a right of appeal of the administrative decision. In its current version, applicable to this case, § 4-183 provides that a person may appeal only a "final decision," which is defined in § 4-166 as an "agency determination in a contested case." A "contested case," as defined in § 4-166, is a proceeding "in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held." This is the same language that the Supreme Court held to mean that the statutory right to an administrative hearing, whether or not a hearing is in fact held, is a prerequisite to the right to appeal an administrative decision. SummitHydropower Partnership v. Commissioner of EnvironmentalProtection, supra, 226 Conn. 807-811. The reorganization of §§ 4-183 and 4-166 did not change their meaning in that regard.
The conundrum posed by § 14-311 is that it explicitly provides the right to appeal a decision of the commission "in accordance with the provisions of section4-183," but it does not require the prior administrative hearing that our courts have held to be mandatory under that statute. On the other hand, if the absence of a statutory hearing provision were held to block an appeal of a commission decision, § 14-311(e) would have no meaning. Such a result would obviously conflict with "[a] cardinal rule of statutory construction (that) requires CT Page 102 that statutes be construed in a manner which gives effect to the apparent intention of the legislature . . . [and that] we presume there is a purpose behind every sentence, clause or phrase used . . . and that no part of a statute is superfluous." (Citations and internal quotation marks omitted.) State v. Smith, 207 Conn. 152,168 (1988).
In cases such as this, it is the court's duty to reconcile different provisions of the statutes, presuming that the legislature "acted with knowledge of existing statutes and with an intent to create one consistent body of laws." Zachs v. Groppo, 207 Conn. 683, 696 (1988). In this case, the provisions of the two statutes in question may be reconciled by construing the phrase "in accordance with the provisions of section 4-183," as it appears in § 14-311(e), to mean that only the procedural provisions of § 4-183 apply to appeals taken under § 14-311. Such a construction preserves the right to appeal, which is explicitly granted notwithstanding the absence of a provision for an administrative hearing, but still gives meaning to the reference to § 4-183. This construction also is in harmony with the rule that "[w]here a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged." Killingly v. Connecticut Siting Council,220 Conn. 516, 522 (1991). Accordingly, the court holds that § 14-311(e) provides a right of appeal of a commission decision on an application for a certificate notwithstanding the absence of a statutory right to an administrative hearing. The court's holding is limited to the peculiarities of the particular statutory scheme, where the commission is not required to hold hearings in connection with any of its proceedings but a right to appeal is nevertheless explicitly granted.
During earlier proceedings in this appeal, the court ruled from the bench that the plaintiffs are aggrieved within the meaning of §§ 4-183 and 14-311(e), citing Townof Southington v. State Traffic Commission, supra. That finding is hereby confirmed.
In their brief to the court on appeal, the plaintiffs launch a wholesale attack on the decision of the commission. Their claims in essence are that the CT Page 103 commission inadequately considered the factors listed in subsection (d) of § 14-311, set forth above, and failed to give sufficient weight to the negative opinions and findings of the Newington town manager, who functions as the traffic authority for the town. In particular, the plaintiffs claim (1) that the certificate will have an adverse impact on traffic in the Parts Mart driveway; (2) that the certificate will have the effect of forcing traffic exiting the new shopping center to make dangerous u-turns on Cedar Street; (3) no provision is made for pedestrian safety; (4) the widening of Cedar Street will adversely affect traffic access to Parts Mart; and (5) the commission's decision does not adequately address the Route 9 interchanges.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183(f) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion."Conn. Light Power Co. v. Dept. of Public UtilityControl, 219 Conn. 51, 57-58 (1991). Similarly, "(w)ith regard to questions of fact, it is (not) the function of the trial court . . . to retry the case or to substitute its judgement for that of the administrative agency." Id. "The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken." Hospital ofSt. Raphael v. Commission on Hospitals Health Care,182 Conn. 314, 318 (1980).
The court has reviewed the entire record of the present case and concludes that there is substantial evidence to support the commission's decision to issue the certificate with the conditions it attached. Between March 1990, when the developers first applied for a certificate, and April 1993, when the commission issued it, the developers and town officials, including plaintiff Chapman, the traffic authority, met with commission staff and exchanged correspondence. The town CT Page 104 was an active participant in the certificate application process, continually offering detailed criticism of the developers' plans, with special emphasis on the subjects that it raises in this appeal. And correspondence in the record indicates that the division of traffic engineering, which served as technical staff to the commission, and the developers were fully aware of the town's concerns regarding those subjects. The developers retained an engineering firm, Fuss O'Neill, which provided copious additional information. During this period, while the commission was considering the application, the developers revised their plans several times to accommodate some of the concerns of the commission and the town.
Prior to the commission's meeting in April 1993, the division of traffic engineering issued its recommendation that a certificate be approved subject to eleven conditions. The division accompanied its recommendations with a lengthy explanation. The division had also informed the town of its recommendations in advance and noted the town's objections. The first ten conditions are directly relevant to the subjects raised by the town in this appeal. The eleventh is a catch-all condition that the commission reserves the right to require additional improvements or changes as changing circumstances in the future may require.
In accordance with the general principles of administrative law noted above, this court cannot disturb the findings and conclusions of the commission unless, in light of the evidence, the commission has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. This is true notwithstanding there is evidence, as was presented in this case by the town, that is in conflict with the evidence that supports the decision. Under the procedural provisions of the Uniform Administrative Procedure Act, including § 4-183, which the court has found do apply to this appeal, the court may not retry the facts of a case already considered by an administrative agency. The court finds there was ample and substantial evidence before the commission that supported a decision to issue the certificate pursuant to the provisions of § 14-311. The decision was not, therefore, unreasonable or an abuse of discretion. The CT Page 105 decision of the commission must be and is affirmed.
The appeal is dismissed.