[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
STATEMENT OF THE CASE
The plaintiff, Maurice Nizzardo, appeals from a decision of the defendant, the State Traffic Commission, granting the application of the defendant, First Stamford Corporation, which sought a certificate of operation to construct a 112,000 square foot commercial development.
FACTUAL BACKGROUND
By application dated March 25, 1996, First Stamford Corporation (Stamford), sought a certificate of operation from the State Traffic Commission (STC), pursuant to General Statutes § 14-311, to develop a food store, related commercial buildings and parking on a parcel located on the Greenwich- Stamford line on U.S. Route One in Stamford, Connecticut. (Return of Record [ROR], # 1).
On November 26, 1996, during the permit process, Nizzardo submitted a notice of intervention, seeking intervenor status in the proceeding in accordance with General Statutes § 22a-19(a), (ROR, # 83). The STC denied Nizzardo's request for intervenor status by a letter dated December 2, 1996. (ROR, # 84). Stamford's application was approved by the STC on January 21, 1997; (ROR, # 122); and Nizzardo commenced this appeal by service of process on the STC and Stamford on March 5, 1997.
Nizzardo appeals on three grounds: first, the STC wrongly denied him intervenor status; secondly, the STC erred in failing to consider the environmental factors set forth in General Statutes § 22a-19(b);[1] and, thirdly, that the STC decision to grant the application was erroneous as a matter of fact and law.
Stamford moved to dismiss the appeal on February 17, 1998, CT Page 5784 with respect to Nizzardo's claims that the STC denied him intervenor status and that the STC failed to make the findings mandated by General Statutes § 22a-119(b). Stamford maintained that this court lacked subject matter jurisdiction to consider the issue of whether the STC improperly denied Nizzardo intervention because his administrative appeal was not timely brought as to this issue. This court granted Stamford's motion to dismiss with respect to Nizzardo's claim that the STC had improperly denied him intervenor status. The court further held, nonetheless, that the appeal was timely as to Nizzardo's additional claims, as these claims had been brought within forty-five days of the STC's final decision on the permit. It emphasized, however, that "[t]his portion of the administrative appeal may continue. . . only so long as the plaintiff is an `aggrieved person' as that term is used" in the cases of Town ofNewington v. State Traffic Commission, judicial district of Hartford/New Britain at Hartford, Docket No. 525743 (January 5, 1995, Maloney, J.) (13 Conn. L. Rptr. 259), and Town ofSouthington v. State Traffic Commission, judicial district of Hartford-New Britain at Hartford, Docket Nos. 362840, 367574 (January 14, 1991, Mulcahy, J.) (3 Conn. L. Rptr 610). (Memorandum of Decision, dated March 16, 1998).
AGGRIEVEMENT
General Statutes § 14-311(a) provides that an entity proposing to "build, expand, establish or operate any . . . shopping center or other development generating large volumes of traffic, having an exit or entrance on, or abutting or adjoining, any state highway or substantially affecting state highway traffic within this state. . ." must first obtain a certificate from the STC that such operation "will not imperil the safety of the public." General Statutes § 14-311(e) further provides that" [a]ny person aggrieved by any decision of the State Traffic Commission . . . may appeal therefrom in accordance with the provisions of section 4-183. . . ." General Statutes § 4-183(a) states that "[a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the Superior Court as provided in this section."
"Pleading and proof of aggrievement are prerequisites to a trial court's jurisdiction over the subject matter of an administrative appeal." (Emphasis provided; internal quotation marks omitted.) Med-Trans of Conn., Inc. v. Dept. of PublicCT Page 5785Health Addiction Services, 242 Conn. 152, 158, 699 A.2d 142
(1997). It is "fundamental that, in order to have standing to bring an administrative appeal, a person must be aggrieved." Id. As articulated by our Supreme Court, "[t]he fundamental test for determining aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision. . . ." (Citations omitted; internal quotation marks omitted.) Id., 158-59. "Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected. . . ." (Citations omitted; internal quotation marks omitted.) Id., 159. "The determination of aggrievement presents a question of fact for the trial court and a plaintiff has the burden of proving that fact." (Internal quotation marks omitted.). Id.
Nizzardo alleges that he is aggrieved because "the approved 112,000 square foot development will have significant and serious irnpacts on local roads located in the city of Stamford and will result in unsafe traffic conditions therein." (Appeal, ¶ 22). He further alleges, in pertinent part, that he is aggrieved by the following: the STC did not require the applicant to undertake road improvements "to avoid or mitigate congestion and density to be caused by the increased traffic volume generated by this project"; (Appeal, ¶ 25); "the STC failed to explore feasible and prudent alternatives to the approved traffic configuration"; (Appeal, ¶ 26); an "absence of data to support the site generated traffic volumes and distribution figures" that the STC relied upon; (Appeal, ¶ 27); and the STC's decision "constitutes unfair dealings, bad faith, collusion, [and] improper conduct," thereby depriving Nizzardo of his rights under the Connecticut General Statutes. (Appeal; ¶ 28).
At a hearing conducted on April 15, 1998, this court took evidence solely on the issue of aggrievement. At the hearing, Nizzardo testified that he is the owner of a residence on Hardesty Road, located four miles from the proposed development. In addition, he is the owner of the following parcels: an unimproved lot, zoned for residential use; a residential rental CT Page 5786 property; a commercial parcel, currently utilized as a used car lot; and a lot used for a baking company's distribution center and utilized by a truck leasing concern. (Plaintiff's Exhibits A; C; D; E). During cross examination, Nizzardo testified that he also owns a parking lot adjacent to one of the other parcels.[2] It was further established that Nizzardo co-owned the properties with other individuals, the four properties were all located south of the Connecticut Turnpike, and the proposed development is located 2,000 feet north of the turnpike.
Nizzardo also introduced a map into evidence, demonstrating that the Connecticut Turnpike bisects the STC proposed development site and the parcels owned by Nizzardo. (Plaintiff's Exhibit B). The proposed development is situated to the north of the turnpike, and Nizzardo's properties are situated to the south of the turnpike. (Plaintiff's Exhibit B).[3] In addition, over the STC's objection, the court permitted Nizzardo to offer a series of photographs into evidence, depicting traffic in the vicinity of several of his parcels at approximately 4:00 p. m. — 4:30 p. m. (Plaintiff's Exhibits F; G; H; I; J). The court explained that the photographs would be allowed for the limited purpose of depicting "what's going on" around those sites at that time of day, not for the purpose of usurping an expert's role in demonstrating traffic flow, but solely for the purpose of establishing aggrievement.
Nizzardo testified that the generated traffic could exceed 13,000 to 14,000 cars. He further stated that his residentially-zoned, unimproved lot would be devalued. In addition, he testified that the tenants on his commercial and residential properties would probably not renew their respective leases. Further, it was established that the turnpike has entrance and exit ramps in the areas of Harvard, Baxter and West Streets, and these areas are located between Nizzardo's parcels and the proposed development site.
Raymond Redniss, a professional land surveyor, testified on behalf of Stamford, and two maps were offered into evidence. (Defendant's Exhibits 2; 3). Exhibit 2 depicts one of the parcels in which Nizzardo has an ownership interest. This map refers to the subject parcel as the "Bongiorno Children Joint Venture" (Joint Venture), and it depicts Nizzardo's parcel in relation to Stamford's proposed development site. Exhibit 3 shows the same "Joint Venture" parcel, in closer detail, in relation to the Connecticut Turnpike. There was some dispute as to which of Nizzardo's properties this parcel represented; however, Redniss testified as to the overall accuracy of the maps. He also CT Page 5787 testified that there were two proposed entrances to the Stamford development, and that the area was primarily commercial. The exhibits indicate the plaintiff's closest parcel to be at least one quarter mile from the proposed development.
The second expert witness to appear on behalf of the defendants, Edwin Louis Brown, Jr., testified that he is currently a traffic engineer for Connecticut's department of transportation, and has been for ten years. He stated that he prepares reports for the STC and, in preparing such reports, he examines the size of the development, the number of parking spaces, and the traffic impact. He stated that, in his opinion, the degree of impact from increased traffic flow from the proposed site on local roads located to the south of I-95 would be minimal.
"A party . . . must have more than merely a specific personal and legal interest in the subject matter in order to satisfy the aggrievement test. A party claiming aggrievement also must demonstrate that its asserted interest has been specially and injuriously affected in a way that is cognizable by law." UnitedCable Television Services Corp. v. Dept. of Public UtilityControl, 235 Conn. 334, 343, 663 A.2d 1011 (1997).
"Standing concerns the question whether the interest sought to be protected by the complainant is arguably within the zone of interests to be protected or regulated by the statute . . . in question." (Internal quotation marks omitted.) United CableTelevision Services Corp v. Dept. of Public Utility Control,
supra, 235 Conn. 345.
General Statutes § 14-311(a) "imposes upon the STC the responsibility of determining whether or not the proposed operation or development will imperil the safety of the public."
(Emphasis provided; internal quotation marks omitted.) Town ofSouthington v. State Traffic Commission, supra, Superior Court, Docket No. 362840. In the Southington case, the STC had granted a certificate permitting the operation of an amusement park, subject to certain conditions. The plaintiff, the town of Southington, claimed it was aggrieved by the decision, in part, because it caused reduced levels of service along a local state highway, and extreme traffic back-ups prevented, or impeded, the town's ability to provide emergency services. The town further claimed aggrievement because the traffic conditions adversely impacted commercial development, and residential and commercial CT Page 5788 properties had been devalued due to traffic congestion, leading to a decreased tax base and negatively impacting future development.
In applying the test for aggrievement, the court observed "on the issue of public safety, which is all that was before the STC on this application, members of the public were permitted to submit data and/or address the Commission." Town of Southingtonv. State Traffic Commission, supra, Superior Court, Docket Nos. 362840, 367574. Therefore, the town had "addressed the STC, and furnished information, with much the same rights and interests of any citizen, that is, a general interest in the safety of the state highway system affected by the proposed development." Id. The court emphasized that all community members, "particularly those living, or occupying land, in the immediate vicinity of the particular state highway, are interested in the public safety of that highway system; however, that general interest alone is not the `specific, personal, and legal interest' necessary for aggrievement, permitting an appeal from a determination regarding public safety rendered by the STC." Id. The court explained that an applicant denied certification under § 14-311 would be an aggrieved party, "having full standing to appeal the STC determination, based on a special, personal, and legal interest in the subject matter of the STC decision, distinguishable from the general interest" of community members. Id. It continued, however, that "any citizen who simply presented information relating to highway safety to the STC would not, without more, have a specific, personal and legal interest, as opposed to merely a general interest, in the issue (public safety) which, under Section 14-311, is to be determined by the Commission." (Internal quotation marks omitted.) Id.
Specifically, with respect to the town's claimed economic interests, the court determined that such assertions were, on the whole, "questionable, prospective and quite speculative." Town ofSouthington v. State Traffic Commission, supra, Superior Court, Docket Nos. 362840, 367574. The court emphasized that "[o]n the evidence presented, a devaluation of properties, and an adverse impact on commercial and business development, all claimed to result in a reduction of the Town's tax base, is viewed as conclusory, speculative, and somewhat devoid of any supporting basis or rationale. It is the court's view that this testimony did not demonstrate that any specific personal and legal interest of the plaintiff had been specially and injuriously affected by the administrative action of the STC in issuing [the certificate]." Id. CT Page 5789
Conversely, concerning the claimed aggrievement surrounding the rendition of emergency services, the court observed that the aggrievement question was a close one; however, it viewed the town's "interest in fulfilling its responsibility to assure the adequate provision of emergency services to be [an] interest distinguishable from that of the citizenry as a whole." Id. The court concluded that the town's "specific interest in fully meeting its responsibility of assuring the rendition of appropriate emergency services, which interest is distinguishable from the interest of the public generally" could be injuriously affected by the STC decision; therefore, the town was an "aggrieved person" under the statute. Id.
As previously set forth, the "zone of interest" to be protected or regulated by the statute, General Statutes § 14- 311, is whether a proposed development will "imperil the safety of the public." In the present case, Nizzardo did not put on any evidence demonstrating that his safety, as a member of the public, would be put at risk by the operation of Stamford's proposed development. Rather, Nizzardo's testimony merely revealed "speculative" fears of "prospective" adverse impacts upon his economic interests with respect to his various real estate holdings. Allegations, or even "proof of mere generalizations and fears are not enough to establish aggrievement." (Internal quotation marks omitted.) Sheridan v.Planning Board, 159 Conn. 1, 14, 266 A.2d 396 (1969). Nizzardo's testimony failed to demonstrate that he had any specific, personal and legal interest that has been specially and injuriously affected by the STC's administrative action, or that his interest is within the zone protected by the statute.
Accordingly, Nizzardo's appeal is dismissed on the ground that he has failed to establish that he is aggrieved by the decision of the STC.
So ordered.
Henry S. Cohn, Judge